# WILLIAM P. BOYD
## v.
## N. M. BROADWELL ET AL.

CONSTRUCTION OF WILL.—Where it was not the land or personalty of which the testator might die seized but the *proceeds* that were devised, and the conversion of the estate into money by the executors must necessarily take place after the death of the testator, and the language of the will was, "In the event of the death of any one named above, then the portion or share of the deceased to be *paid* to his or her offspring," *held*, that the vesting of the legacies was intended to take place at such time as the executors should be ready to pay over the proceeds, and one of the parties named having died before such time, it was the duty of the executors to pay his portion to his children and not to his administrator.

APPEAL from the Circuit Court of Sangamon county ; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed January 6, 1886.

Elijah Iles died on the fourth day of September, 1883, testate. He left the following will :

"I, Elijah Iles, of the city of Springfield, county of Sangamon and State of Illinois, a citizen of the United States, born in the State of Kentucky, March 28, 1796, make this my last will and testament, revoking all others.

First, in consideration of the love and affection I bear to my blood relations, I devise and bequeath to each one named below a part or portion of all the proceeds of all the real and personal estate of which I may die possessed (after paying all my debts which may be few or probably none) which portion or share is to be paid to each one named below, to wit : To the following named children of my sister, Polly Boyd, viz.: Cyrus, William, Elijah and Spencer, each one share, or if any die or have died, then to the widow of said deceased, and to her grandchildren, Helen Reynolds and Mary Bigstaff, each a half share. To the following named children of my brother, William Iles, viz.: Minerva, Thomas, Clarissa, Jane, Mary and William, each one share. To the following named

children of my brother, Washington Iles, viz.: Elizabeth, Cordelia, Ann, Washington, Elijah, Virginia and Edward, each one share, and to the heirs of his daughter Malinda, one share. To the following named children of my sister Elizabeth, viz.: Parthena Singleton, Thomas and Reuben McDannald, Mary Melton and Elijah Strowbridge, each one share. To my half-brother, Thomas J. Iles, three shares. Secondly, I appoint Norman M. Broadwell and Obed Lewis executors of this my last will and testament, and do hereby authorize them and empower them, or the survivor of them, to sell and convey all the real estate and personal property of which I may die possessed, in manner and on such terms as they may deem best, and of the proceeds pay the portion or share to each one named, in a convenient and reasonable time.

In the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring, or if such deceased person leave no offspring, then his or her share to cease, and be as though it was not devised, and the other shares proportionately increased.

And now, inasmuch as I do not owe or expect to owe anything, I direct and request that no security or bond be required from my above named executors.

In witness whereof I have hereunto set my hand this first day of June, 1877.          ELIJAH ILES.

Signed and acknowledged by Elijah Iles, the testator, as his last will, in our presence, and we have subscribed our names as witnesses in his presence and at his request.

C. W. MATHENY,<br>FRANK W. TRACY."

On the 17th day of September 1883, Spencer Boyd, one of the legatees, died in Bath county, Kentucky, leaving appellants, his children, but no widow, and on the 25th day of October, 1883, appellee Banta was appointed administrator of his estate by the County Court of said Bath county.

To whom shall the executors of Iles' will pay the share bequeathed to Spencer Boyd, is the controversy in this case, and to determine that question, the executors filed the bill of interpleader. The circuit court decreed that the administrator

of Boyd and not his heirs was the person to whom it should be paid.

Messrs. STUART, EDWARDS & BROWN, for appellants; cited People v. Jennings, 44 Ill. 488.

Messrs. PATTON & HAMILTON and Mr. ROBERT MATHENY, for appellees.

CONGER, J. The intention of the testator, as manifested by all the provisions of the will, must prevail. While it is the general rule " that where the bequest is simply to A, and in case of his death, or if he die, to B, A, surviving the testator, takes absolutely," yet very slight circumstances suffice to make these words refer to death at any period.

When it is considered that it was not the land or personalty of which the testator might die seized, but the proceeds, that was devised; that the conversion of the estate into money by the executors must necessarily take place after the death of the testator; that the language of the will is, "In the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring," it seems reasonably clear that the vesting of the legacies was intended to take place at such time as the executors should be ready to pay over the proceeds. Jennings v. Jennings, 44 Ill. 488.

The bequest is not to Spencer Boyd, and in the event of his death then to his offspring, or to descend—pass to, go to, or any other of the many expressions commonly used to express inheritance or succession—but in the event of his death such portion is *to be paid* to his offspring. To be paid to them by whom? Evidently by the executors. This language, we think, admits of no other reasonable construction than to regard it as an express direction to the executors to pay to living persons who would receive such payment in their own right, and not as the representatives of another. We hold, therefore, that Spencer Boyd's interest was contingent upon his being alive to re-

ceive payment at the hands of the executors when the conversion should be completed, and he being dead when that period arrived, it was the duty of the executors to pay his portion to his children. It is urged, however, by appellee, that the latter clause of the will does not apply to the portion of Spencer Boyd, but that the first clause alone controls it, by which, in the event of his death, such portion is to be paid to his widow. They are not in our opinion inconsistent, but may be reconciled and effect given to both.

By the first clause, Spencer Boyd's portion, in case he were dead at the date of the execution of the will, or should thereafter die, was to be paid to his widow. By the second it is provided that "in the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring." Who is meant by the expression "any one named above"? We think it does no violence to the language of the will to say it includes the widow of Spencer Boyd as well as himself. While she is not described by name, she is in fact as accurately identified by the description of his widow as though her name were given in full. This construction reconciles both clauses and gives emphasis to the prevailing idea in the testator's mind, i. e., that his executors should themselves pay to Spencer Boyd, if living, if dead, to his widow; and in the event of the death of both, they should pay such portion to their offspring. We think the circuit court erred in holding that the administrator of Spencer Boyd was entitled to the money, and the decree of the circuit court will therefore be reversed, and the cause remanded with directions to the circuit court to enter a decree in favor of appellants.

Reversed and remanded.