## WILLIAM RICHARDSON *versus* GEORGE MOREY *et al.*

A testator gives to his wife the use of furniture during her life ; he gives to A. C. all the residue of his estate, real and personal, upon the trusts that he shall receive the income of certain bank shares during the life of the wife and pay the same over to her, and that after her decease he shall hold the same shares and the future income thereof, upon the same trusts as are declared in respect of the residue of the estate subsequently mentioned ; and the testator directs, that the residue of his *estate* and *property* shall be held in trust by the trustee, to *pay* and *convey*, distribute and divide the same among the testator's six children, so as that each shall have an equal portion of the estate and property conveyed in trust for their use ; that one third part, to be ascertained as nearly as conveniently may be by the trustee, of what shall be the shares of the children respectively, shall be paid respectively to two sons, then of age, immediately after the testator's decease, to two other sons, when they shall respectively come of age, and to two daughters when they shall respectively come of age or be married ; that one other third part shall be paid and conveyed to the children respectively when they shall arrive at the age of twenty-eight years ; and that the residue shall be paid and conveyed to them when they shall respectively arrive at the age of thirty-five years ; that the interest, income and dividends of the property and estate which is not to be paid over to the children immediately after the testator's decease, shall be invested and allowed to accumulate, and when and as they shall come of age, or, if daughters, be married, the trustee shall pay to them respectively their shares of the interest and income already accumulated, and shall from time to time after they respectively come of age, pay over to each his share of the interest and income of the trust property as the same shall accrue, until the principal and property and estate shall be paid and conveyed to them as before directed ; that in case of the death of a child without leaving issue, the trust property belonging to such child not paid before the death, shall be held by the trustee upon the trusts before declared, for the benefit equally of the surviving children ; that the trustee shall keep the buildings belonging to the testator's estate, in good repair and insured against fire, and in case any building should be destroyed by fire, shall dispose of the land belonging thereto, and that he may, if he shall deem it for the interest of all concerned therein, sell a certain parcel of the real estate ; and that he shall invest the proceeds of such sales, and all money which may be received on any policy on any building destroyed by fire, in city stocks, and shall hold the same upon the trusts before declared, for the benefit of the children ; that if the wife should pro-

Richardson
*v.*
Morey.

fer it, the furniture may be sold by the trustee and the interest of the proceeds be paid to her during life, and the same proceeds, after her death, and any accumulation of interest that may be at that time, shall be held by the trustee upon the trusts before declared for the benefit of the children ; and that any trustee which shall be appointed in the room of the one named in the will, shall receive and take and hold the trust property upon the same trusts before declared respecting the same.

It was *held*, that a trustee appointed by the judge of probate in the room of the one named in the will, was entitled to exercise all the powers, and was bound by all the trusts, in the same manner as the one so named would have been entitled and bound : —

That the trustee was not obliged to transfer to the children equal portions of the personal estate and equal portions of the real estate, but that he might transfer to each one its share of the trust property, either in real or personal estate or both, his discretion not being limited, except that the personal estate was first to be distributed : —

That it was not the duty of the trustee forthwith to set apart the several shares of the children and hold them in severalty, but that the property was to remain in his hands to accumulate for the general benefit of all the children until distribution should be made as directed in the will : —

That during the life of the widow, the children were not entitled to have vested in them the legal interest and title in the bank shares or the furniture : —

That upon a child's coming of age, he was to be paid the accumulated interest on the whole of his share up to that time :

And that a child entitled to the payment of one third part of his share, having died without issue, after receiving only a portion of such third part, the residue thereof was to be paid to his administrator, and not to be held by the trustee for the surviving children.

BILL in equity. The principal object of the bill was to obtain a construction of the trusts contained in the will of Asa Richardson.

The will contains the following provisions : —

" Secondly. I give and bequeath to my mother &c. an annuity of one hundred dollars," &c.

" Thirdly. I do give &c. unto my wife Elizabeth, one moiety of my household furniture, to be selected by her with the approbation of my executor after my decease, to be at her absolute and entire disposal, and I do give to her the use of the residue of my household furniture for and during her natural life."

" Fourthly. I give and devise unto Amos Cotting, of &c. his heirs and assigns, all the rest and residue of my estate, real, personal and mixed, &c. upon the trusts, &c. that is to say," as to sixty shares in the Oriental bank, thirty shares in the Merchants' bank, and ten shares in the Eagle bank,

" upon trust that my said trustee do and shall, from time to time, receive and take the income and dividends as they become due thereon, during the natural life of my said wife, and pay the same over to her, &c. for her sole use and benefit ; and after the decease of my said wife, my will is, that my said trustee shall hold the said bank stock and all dividends and income thereof which shall thereafterwards accrue, upon the same trusts as are herein declared in respect of the residue of my estate hereinafter mentioned. And my will is, that my said wife shall receive the gifts, &c. in lieu and instead of dower, &c. And as to all and singular the residue of my estate and property, my will is, that the same shall be held in trust by my said trustee, to pay and convey, distribute and divide the same to and among my six children, Asa, Charles, William, Elizabeth, Sarah Tufts and Horace, at the times and in the manner following, that is to say, my will is, that each of my said children shall have an equal portion of my estate and property herein conveyed in trust for their use and benefit. And my will is, that one third part of what shall be the shares of my sons Asa and Charles, who are now of age, shall be paid and conveyed to them immediately after my decease, the same to be ascertained as nearly as conveniently may be by my said trustee, and that one third part of what shall be the shares of my other sons William and Horace, now under twenty-one years of age, shall be paid and conveyed to them when they respectively arrive at the age of twenty-one years, the same one third part to be ascertained as aforesaid as nearly as conveniently may be, and that one third part of what shall be the shares of my two daughters Sarah Tufts and Elizabeth, now under twenty-one years of age, shall be paid and conveyed to them respectively, to be estimated by my said trustee as nearly as may be, when they shall respectively be married or arrive at the age of twenty-one years, whichever shall first happen. And my will is, that one other third part of what my said children Asa, Charles, William, Elizabeth, Sarah Tufts and Horace, shall be entitled to under this my will, shall be paid and conveyed to them respectively when they shall arrive at the age of twenty-eight years. And my will is, that the residue of what my said children shall be en-

Richardson
v.
Morey.

titled to under this my will, shall be paid and conveyed to them when they shall respectively arrive at the age of thirty-five years. And my said trustee shall hold the property and estate aforesaid in trust to pay and convey the same according to this my will. And my will further is, as to the interest, income and dividends of my property and estate which it is herein provided shall not be paid over to my said children immediately after my decease, but at the times and in the manner herein before mentioned, that the same shall be invested and allowed to accumulate by my said trustee, and such portion of the interest of each child's share as shall be necessary for his support, in the opinion of my said trustee, until such child shall arrive at the age of twenty-one years, or, if a daughter, shall be married, shall from time to time be paid to or for the use and benefit of my said minor children respectively, or to their respective guardians for their use ; and when and as often as the said children shall arrive at the age of twenty-one years, or, if daughters, shall be married, my said trustee shall pay over to my said children respectively their shares of the interest and income already accumulated, and shall from time to time, after my said children respectively arrive at the age of twenty-one years, pay over to every such child his share of the interest, income and dividends of the said trust property as the same shall accrue, until the principal and property and estate shall be paid and conveyed to my said children as herein before directed. And in case of the death of either of my said children without issue, my will is that all the trust property belonging to such child not paid or conveyed to him or her by my said trustee before his or her death, shall be held by my said trustee upon the same trusts herein before declared, for the benefit equally of the surviving children herein before mentioned. And my will is, that my said trustee shall keep the buildings belonging to my estate, in good repair and insured against fire, and shall expend for such purpose such sums as he shall deem reasonable, &c. ; and in case any building should be destroyed by fire, my will is, that my said trustee shall dispose of the lands belonging to the same, to the best advantage, and shall invest the proceeds thereof, and all moneys which may be received upon any policy upon such

building, in city stocks, and shall stand and be seised thereof Richardson *v.* Morey. upon the same trusts for the use and benefit of my said children, as are herein before declared in respect of the residue of my said property. And my will further is, that my said trustee may, if he shall deem it best for the interest of all concerned therein, sell and dispose of that part of my real estate commonly called Barristers' Hall, and all the buildings thereto adjoining and the lands thereto belonging, for the best price that in his opinion can be obtained for the same, and shall invest the proceeds of such sale, &c. in city stocks, and shall hold and be seised thereof upon the same trusts as are herein declared, for the benefit of my said children, in respect of the residue of the trust property aforesaid ; and my will is, that in case any of my said children shall die leaving lawful issue, then such part of such child's share of my said estate and property as shall not have been paid or conveyed before that time to him or her by my said trustee, shall be paid or conveyed to the lawful issue of such child, &c. And my will is, that in case my said trustee herein appointed shall decline to accept the trusts herein declared, or shall become incapable, &c., the judge of probate in and for the county of Suffolk, or the justices of the Supreme Judicial Court, shall appoint some one or more trustee or trustees instead of my said trustee, who shall receive and take and hold the said trust property upon the same trusts herein before declared respecting the same. And my will is, that my trustee or any trustee of these presents for the time being, shall give bonds, with good and sufficient sureties, for the faithful execution and performance of the trusts hereby declared, and such trustee shall be entititled to a reasonable compensation, &c. And if my wife should prefer it, my will is, that the one half of my household furniture herein given to her use for life, may be sold by my said trustee, and the proceeds invested as aforesaid, and the interest and income thereof shall be paid to my said wife during her life, and the same proceeds, after her death, invested as aforesaid, and any accumulation of interest that may be at that time, shall be held by my said trustee upon the same trusts as are herein before declared in respect of the residue of said trust property herein given for the benefit of my said children."

Richardson
*v.*
Morey.

The plaintiff was a son of the testator ; the defendan s were Morey, who had been appointed the trustee under the will, the testator's widow, and his children Charles, Elizabeth, Sarah Tufts and Horace.

The bill alleges, that the will was made on the 10th of December, 1833 ; that the testator died soon afterwards, his wife and children surviving him ; that the will was duly proved in February, 1834 ; that Cotting declined, in writing, to accept the trusts created by the will, and the judge of probate appointed Morey trustee in his room ; that Morey accepted the trust and gave bond for the faithful discharge of it, and thereupon obtained the possession of all the real and personal estate of the testator ; that the widow accepted the provision in the will in lieu of dower ; that she was appointed guardian of William, the complainant, Sarah Tufts, Elizabeth and Horace, who were then under age ; that the complainant has lately arrived at twenty-one years of age, but that Sarah Tufts, Elizabeth and Horace are still under age and under the guardianship of their mother ; that Asa Richardson, the younger, died in October, 1834, intestate and without leaving issue, and that Charles was appointed administrator on his estate ; and that the trustee paid to Asa a part only of the personal estate to which he was entitled under the will, and conveyed to him no part of the real estate. These facts were admitted in the defendants' answers.

The case was heard upon the bill and answers. It was argued in writing by *Aylwin* and *Paine*, for the plaintiff, and by *Morey*, for the defendants. The questions raised are stated in the opinion of the Court ; which was delivered by

*Aug*. 27th.

WILDE J. The plaintiff claims as one of the children and devisees of Asa Richardson, deceased, and seeks to compel the execution of a trust under his last will and testament. The case depends on the construction of that instrument, the language of which, although in some respects sufficiently clear and definite, is with regard to other questions submitted somewhat obscure. We have, however, endeavoured to ascertain as well as we have been able to do, the intention of the testator, and have adopted what appears to us the best construction, though it is not unattended with difficulties.

The testator was possessed of a large estate, both real and

personal, which, after giving an annuity to his mother and making a provision for his wife, he devises in trust to one Amos Cotting, to be by him distributed and divided among the testator's six children in equal shares ; one third part of two shares to be paid and conveyed to his sons, Asa and Charles, respectively and immediately, they having then arrived at the age of twenty-one years, and one third part to his other sons respectively when they should arrive at the age of twenty-one years, and one third part of his daughters' shares to them as they should respectively arrive at the same age or should be married, which ever might first happen. Another third part of each share was to be paid and conveyed to each of his children when they should respectively arrive at the age of twenty-eight years, and the remaining third part was to be paid and conveyed to each of his children when he or she should arrive at the age of thirty-five years.

The general question is, how and in what manner the trustee is bound in equity to execute these trusts.

Before deciding how these trusts are to be executed, a preliminary question is to be settled, namely, whether the present trustee is entitled to exercise all the powers, and is bound by all the trusts, in the same manner as the original trustee would be entitled and bound had he accepted the trusts.

The plaintiff's counsel contends, that some of the powers given to the trustee designated in the will are personal, implying a special confidence in him, and are not transmissible to the new trustee. That a power given to a trustee, clearly implying a special confidence in the person clothed with the power, would not be transmissible to a new trustee, is admitted ; but there is nothing in this will which implies any special confidence in the original trustee. The powers given are not mere powers, but are so blended with trusts, that a separation might defeat the intention of the testator, and impair the beneficial purposes of the will. But there is a clause in the will which puts this question at rest, even if any special confidence had been reposed in the trustee appointed by the will. The will directs " that if the said trustee should decline to accept the trusts, the judge of probate for the county of Suffolk, or this Court, should appoint some one or more trustee or trustees in

Richardson
v.
Morey.

stead of said trustee so declining, who is to receive, take and hold the trust property upon the same trusts as declared in the will." It is said that the will does not expressly authorize the same discretionary powers ; but it is obvious that the word trusts, as here used, and in other parts of the will, was intended to refer to all the trusts, powers and authority created and given by the will. The powers are blended with and are in nature of trusts, and may be correctly so described. *Cole* v *Wade*, 16 Ves. 27 ; Sugden on Powers, 393.

Having thus disposed of the preliminary question, we are next to consider in what manner the trustee is bound to execute the trust.

1. The first ground taken by the plaintiff's counsel is, that the children are to receive equal portions of the real, and of the personal estate. The will directs that the children shall each take an equal portion of the estate and property devised in trust for them ; and it is argued that, though equality in value might satisfy the terms used, yet they ought to receive a liberal construction, and be held to embrace not only equality in value, but also equality in the kind of property, and that such a division of the property would be most likely to produce the equality intended by the testator. And the language used in other parts of the will, it is argued, favors this construction. It is said that the words " estate and property," are several times used in a sense to designate real estate and personal property ; and this meaning of the terms is indicated more plainly by their being used in connexion with the words " pay and convey."

This argument undoubtedly derives some weight from the clauses in the will referred to, but we think there are other clauses which are more sure indications of the testator's intention.

By one clause in the will the trustee is directed, in case any building on the trust eatate should be destroyed by fire, to dispose of the land to the best advantage, and to invest the proceeds in city stocks ; and by another clause he is authorized if he should deem it best and for the interest of all concerned, to sell and dispose of Barristers' Hall, no time is limited within which these sales were to be made, but it is clear that they were not expected to be made immediately ; and if the plain-

tiff's construction is to be adopted, the trustee might be disa-
bled fully to execute these trusts, for after conveying a part of
these estates to the two eldest sons he could not sell and dis-
pose of the whole as directed in the will.   And such a divis-
ion of the real estate from time to time into small shares would,
we think, probably impair the value of the estate and be attend-
ed with difficulties ; and therefore such a construction ought
not to be adopted, unless the language of the will plainly re-
quired it ; and it clearly does not, but on the contrary, it
appears to us to be sufficiently manifest, that the testator in-
tended that the first payments or distributions to be made to and
among the children should be made out of the personal estate,
and that afterwards the real estate should be divided and con-
veyed, but that it was not intended to limit the discretionary
power of the trustee so as to compel him to assign to each
child an equal share of the personal estate, and an equal share
of the real estate ; which would be difficult, according to the
manner in which the trust estate is to be distributed.   The
design of the testator seems to have been, that the children
should have equal shares, and the trustee was to ascertain as
nearly as convenient the value of a share, from time to time,
and that each of the *cestui que trusts* was to receive out of the
trust property this ascertained value, either in real or personal
estate or in both ; and that no further limitation of the discre-
tion of the trustee in making the distribution was intended, ex-
cepting that the personal estate should be first distributed.
The trustee, however, is bound to exercise a sound and rea-
sonable discretion, and to make such a distribution of the trust
property as to render the shares of the *cestui que trusts* as
equally beneficial to them respectively as may be possible ; and
an indiscreet and unreasonable distribution of the property
might be controlled in a court of equity.

2.  In the next place, the plaintiff's counsel insists that it was
the duty of the trustee, immediately after the probate of the
will, to divide and set apart the several shares of the children,
to be held by him in trust and in severalty for the separate use
of each, until they should be paid and conveyed as directed in
the will.   But there is no direction to this effect in the will,
nor can we gather from the language of the will that this was

*Richardson*
*v*
*Morey.*

the intention of the testator. It is true, he speaks of the children's shares, and parts of shares, and the income of their shares, but he does not speak of their divided shares, and it is obvious, we think, that the passages in the will where these expressions are used, refer to the undivided shares of the children in the whole property ; for when the trustee is to pay and convey a third of a share, the value at the time is to be ascertained by the trustee as nearly as conveniently may be. This direction is wholly inconsistent with the supposition, that the shares were before that time to have been divided. It is said that the immediate division of the property into shares would best effectuate the intention of the testator as to equality in the distribution ; but how is the equality of the shares when set apart, to secure an equality in the distribution ? The relative value of the shares would still be exposed to fluctuation, and it would seem that the longer the shares are thus exposed, the greater might be the inequality in the final distribution. The truth is, there is no possible method in which the trust fund can be distributed in pursuance of the will, which can secure the perfect equality of the shares.

From these and other considerations before suggested in relation to the first question, we are satisfied that it was not the intention of the testator that the trust property should be imme diately divided into shares, but that it was to remain in the hands of the trustee to accumulate for the general benefit of all the children until distribution should be made as directed in the will.

3. The third question is, whether the plaintiff is now entitled to his share in the remainder of the bank stock, the income of which is payable to the widow ; and in the remainder of the moiety of the household furniture.

It is said, that but for the declaration of trust the children would have a vested interest in this property which might be sold and disposed of by them before it vested in possession. Admitting this, still it would by no means support the plaintiff's claim. It is not necessary, therefore, to consider the question, whether the plaintiff's interest is vested or contingent. The only question is, whether he is now entitled to possession of the property or of its value ; and most clearly he is not.

The trustee is to hold the bank stock during the life of the widow, and to pay over to her the income and dividends. She also has a life estate in the moiety of the furniture, and the legal estate vests in the trustee. He, therefore, cannot distribute the property among the children until after her death ; and he is not authorized to sell the remainder and convert it into money. The will, on the contrary, expressly directs, that after the decease of the widow the trustee shall hold the bank stock and receive the dividends which may afterwards accrue thereon, upon the same trusts as are declared as to the residue of the trust property. But of necessity there can be no distribution of these dividends until after the death of the widow. If that event should happen before the final distribution of the other property, the dividends of course would fall into the general fund, and be divided in the same manner as is directed in relation to the residue of the estate ; but if the whole residue should be distributed before the death of the widow, then a separate distribution is to be made on the happening of that event.

And the same principle applies in respect to the moiety of the furniture.

4. The next question relates to the plaintiff's claim to his share of the interest on the trust fund, which had accumulated before he arrived at the age of twenty-one years. The defendants' counsel contends, that as only one third part of the principal is now to be paid, the plaintiff is only entitled to the same share of the interest or income. This depends on the construction of the will.

The trustee, in the first place, is directed to appropriate such portions of the interest of the minor children's shares respectively as may be necessary for their support until they arrive at full age, and then to pay over to them respectively their shares of the interest then accumulated. If the word "shares" is here used in the same sense as it is used in other parts of the will, there can be no question that the plaintiff's construction of the will on this point is correct ; for in other parts of the will, the word *share* is uniformly used to designate a child's whole portion in the estate ; and the presumption is, that the word was used in the same sense in this clause of the

Richardson
v.
Morey.

will.   There is nothing to rebut this presumption to be found in the will, but much to support it.   The will directs, that after the children shall respectively arrive at the age of twenty-one years the trustee shall pay over to each child the interest, income, and dividends of the trust property as the same shall accrue, until the principal and property shall be paid and conveyed as directed by the will ; but there is no direction that any part of the interest and income which had accumulated during the minority, should be paid to them at any other time except on their arrival at full age ; and this shows conclusively, as we think, that the whole accumulated interest and income of each share should be then paid.

5. The remaining question is, whether the third part of Asa junior's share, which was payable but not paid over to him in his lifetime, with the interest and income which had accrued, is now to be paid over to his administrator, or falls into the trust fund, for the benefit of the other children.

The words of the will are, "that all the trust property belonging to each child, not paid or conveyed to him or her by my said trustee before his or her death, shall be held by my said trustee upon the same trust before declared, for the benefit equally of the surviving children."   By the literal construction of this clause in the will, this part of the trust fund would undoubtedly be held by the trustee for the benefit of the surviving children ; but we do not think that such a literal construction would agree with the intention of the testator.

The trustee is directed to pay over to Asa one third part of his share immediately after the testator's death ; and he must have supposed that this would be paid accordingly.   The clause recited, therefore, cannot reasonably be supposed to refer to this portion of the trust property in which Asa had an absolute, vested interest.   It could not be the intention of the testator, that this interest should be devested by any neglect of duty in the trustee in not paying over the amount due, or any neglect of Asa in not calling for it immediately.   Some time would be re quired to prove the will, and to ascertain the value of the shares, and if in the mean time Asa had died, it could not, we think, be intended that thereby his estate should be defeated.   And if there was time sufficient before his death to have ascertained

the value of the shares and that was not done, the neglect must be imputed to the trustee, for he alone could ascertain the value, and it is a clear principle, that no neglect of a trustee can impair or prejudice the rights of a *cestui que trust.* We think, therefore, that the administrator of Asa's estate is entitled to the remaining sum due to make up a third part of his share, and upon the same rule of construction the administrator is entitled to a share of the ·interest which had accrued and was payable on Asa's share before his death, if any had so accrued and was payable.

The will directs that the interest and dividends should be paid over as they accrued ; we do not, however, think the trustee would be bound to distribute every small sum received immediately, but no unreasonable delay ought to be allowed.

If the trustee had received interest and income which ought to have been distributed before the death of Asa, to that dis tributive share his administrator is now entitled.