THE PEOPLE OF THE STATE OF ILLINOIS, for the use of BULIA A. JENNINGS,

*v.*

CHARLES H. JENNINGS.

1. WILLS — *interpretation of — intention of testator controls.* The principle is well established, that, in construing a will, the intention of the testator, to be ascertained from its language, must govern.

2. SAME — *construction of in a particular case.* Where, by the terms of a will, the testator directed the executor to sell all of his real estate, and, after the payment of his debts, to divide the remainder of the proceeds of such sale equally among his four children, and, in event any of them died, the deceased's portion to go to his child or children equally, — *held,* that the interests of the several children did not vest until the real estate had been converted into money as directed by the will; and that, one of them having died intestate before such conversion, leaving issue, his portion should be paid over to his administrator to be held in trust for his children.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Israel Jennings, Sr., died, leaving a will, which, after declaring some specific legacies, contained the following clauses:

"It is also my will, that my lands remaining undisposed of by this will shall be sold by my executors, at public sale, after giving such notice as my executors shall think necessary, upon the following terms, to wit: The purchaser paying one-fourth of the purchase money at the time of sale, and the residue in three equal installments of twelve, eighteen and twenty-four months; the purchaser also giving bond and approved security and mortgage on the premises to secure the payment of the purchase money. Said lands to be sold in such quantities and subdivisions as my executors may think best for the interest of my estate. The sale of my lands to take place as soon after my death as convenient, except the said lands of which my said wife is hereby possessed.    *    *    *    *

"It is further my will, that should there be anything remaining after paying my just debts, funeral expenses, bequests and the necessary expenses of the settlement of my estate, that the same may be equally divided between my following named children, to wit: Charles W. Jennings, *Israel* Jennings, Mary White and Richard Ann McElwain, and in case of the death of either or all of my last named children, then to be divided among their children, the child or children of each one taking their deceased parent's portion among them. I do hereby constitute and appoint Charles W. Jennings, Rufus McElwain of Marion county, and John Watson of Mount Vernon, Illinois, my true and lawful executors, to execute and carry into effect this my last will and testament, fully and in all respects."

Certain facts were agreed upon by the parties, as follows:

1. The testator died on the 7th of August, 1860.

2. Charles Jennings and Rufus P. McElwain qualified as executors under the will; Israel Jennings, Jr., was the son of the testator and one of his legal heirs and devisees in said will, and

he died 19th of September, 1861, leaving Bulia Jennings, his widow, with several children by a former wife, and several by her; and further, that said Israel, Jr., died intestate.

3. The executors paid off the debts of Israel, Sr., and the specified legacies that were to be paid in money. The executors under the will, afterward made sale of lands belonging to the estate of Israel Jennings, Sr., on the 25th day of May, 1863, for the sum of $3,451, and after payment of expenses, there was subject to administrations to the devisees under the will the sum of $      to each of said devisees, to wit: Charles W., Israel, Jr., R. N. McElwain and Mary White.

4. The said executors in September, 1865, paid over to the administrator of Israel Jennings, Jr., to wit: The said Charles H. Jennings, the sum of $345, which accrued from the sale of the lands of said Israel, Sr., as aforesaid; the administrator of the estate of Israel Jennings, Jr., never accounted for that money, which was paid to him from the executors of the will of Israel, Sr., but claims that as this was paid to him from the sale of the lands under the will of Israel Jennings, Sr., the same shall be wholly paid to the heirs at law of Israel, Jr., and that no part of it has been, or by law is, distributable to the widow of the said Israel Jennings, Jr., to wit, the said Bulia Jennings. It is further admitted that defendant, Charles H. Jennings, the administrator of Israel Jennings, Jr., never reported as assets the said sum of $354, and without so doing paid the whole amount to the children of Israel, Jr., repelling the claims and demands of said Bulia although she has often requested him to pay the same.

This suit was brought in the name of the people, for the use of the widow of Israel Jennings, Jr., the said Bulia, upon the bond of the administrator of her husband, and it was agreed the question for decision was, whether the said Bulia was entitled to share in the distribution of the money arising from the sale of the lands of Israel Jennings, Sr., under his will.

The court below found the issue for the defendant, and rendered judgment against the plaintiffs for costs.

The plaintiffs bring the cause to this court by appeal.

Mr. H. K. S. O'MELVENY, for the appellant.

Mr. M. SCHAEFFER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The well established principle in the construction of wills is, that the intention of the testator, to be gathered from the words of the will, must prevail. This is a settled canon of interpretation. We are satisfied no present interest passed to Israel Jennings, Jr., as the land was not converted into money until after his death, and by the express terms of the will, in case of the death of any one of testator's children, his share was to go to such children as he might leave. *Marsh* v. *Wheeler*, 2 Edw. Ch. 156 ; 1 Jarman on Wills, 760 (side paging).

The court decided correctly in adjudging that the amount paid over to the administrator of Israel Jennings, Jr., by the executors, was properly paid to him, and that he holds the same as trustee for the heirs at law of said Israel, Jr., according to the agreement of the parties. The decision of this court being against the plaintiff, the suit is dismissed at her costs.

*Suit dismissed.*