A. J. BANTA, Admr.

*v.*

WILLIAM T. BOYD *et al.*

*Filed at Springfield October 6, 1886.*

1. WILL—*rule of construction—giving effect to the intention of the testator.* In construing a will, the intention of the testator, as manifested by the words used, must prevail. This intention is not to be determined from one clause or provision of the will, but each and every clause of it must be considered, and from the whole instrument and all its parts the court must determine such intention.

2. SAME—*when an interest or estate becomes vested—as, where the proceeds of property to be converted into money, are the subject of the devise.* A testator directed that all his estate, real and personal, be converted into money, and devised to each of the four children of his sister P., (naming them,) one share, and to her two grand-children each a half share, and in case of the death of either of said four children, then to the widow of such deceased, and in like manner one share to each of the children (naming them) of his brothers and another sister, and three shares to his half-brother, and then directed, that "in the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring, and if no offspring" was left, his part to lapse. Thirteen days after the death of the testator one of the sons of P. died, leaving children, and his administrator claimed his share of the estate: *Held,* that the son of P. did not take a vested interest immediately upon the death of the testator, and that the share of such son went to his heirs.

3. In such case the property of the testator was not devised, but only its proceeds when converted into money, and the persons named took no vested interest before the arrival of the time for distribution. In case of the death of any one before the conversion of the estate into money and the period for distribution had arrived, his or her part went to his or her children, if any, and if no children, his share lapsed, thereby increasing the other shares.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Messrs. PATTON & HAMILTON, for the appellant:

Under the will the title to the real estate of the testator did not vest in the executors. They had simply a power of sale. The legal title descended to his heirs, subject to the power of sale conferred upon the executors. *Lambert* v. *Harvey*, 100 Ill. 338.

The real estate is directed to be sold, and the proceeds paid to the legatees, "in a convenient and reasonable time." The will devised money,—not land. *Baker* v. *Copenbarger*, 15 Ill. 103; *Jennings* v. *Smith*, 29 id. 116.

The will must be interpreted by the language employed in it, without resort to extrinsic evidence. *Mason* v. *Ely*, 38 Ill. 138; *Hislop* v. *Gatton*, 78 id. 528; *Loan Co.* v. *Bonner*, 75 id. 315.

A construction should be given that will harmonize the several clauses of the will, and give effect to each. *Mason* v. *Ely*, 38 Ill. 138; *Bergan* v. *Cahill*, 55 id. 160; *Brownfield* v. *Wilson*, 78 id. 467; *Welsch* v. *Belleville Savings Bank*, 94 id. 191; *Johnson* v. *Johnson*, 98 id. 564; *Bland* v. *Bland*, 103 id. 11; *Hamlin* v. *Express Co.* 107 id. 443.

Applying this rule of construction to the will in controversy, we find the testator providing for legacies to individuals of five classes, viz.: First, the children of his sister Polly Boyd; second, the children of his brother William; third, the children of his brother Washington; fourth, the children of his sister Elizabeth; fifth, his half-brother, Thomas.

Respecting the first class, to which Spencer Boyd belonged, the will provides that "if any die or have died, then to the widow of said deceased." The only direction he gave as to members of this class was, that in the event of the death of any of them, his widow should take the legacy designed for

her husband. It is contended that the clause, "in the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring, or if such deceased person leave no offspring, then his or her share is to cease and be as though it was not devised, and the other shares proportionately increased," was intended by the testator to apply to the first as well as to the other classes of legatees. Manifestly, his intention was, that those of the first class should not be affected by this clause. If it were otherwise, then the provision that the share of him who might die should go to his widow, is nugatory. "As a will takes effect at the death of the testator, it follows that any devise or bequest in favor of a person *in esse*, simply, (*i. e.*, without any intimation of a desire to suspend or postpone its operation,) confers an immediately vested interest." 2 Jarman on Wills, (Rand. & Tal. 5th Am. ed.) 406; 3 id. 606, 607.

The question of survivorship does not arise in this case, and consequently the cases of *Ridgeway* v. *Underwood*, 67 Ill. 419, and *Blatchford* v. *Newberry*, 99 id. 11, do not apply.

Messrs. STUART, EDWARDS & BROWN, for the appellees:

It is, without doubt, the law, that the intention of the testator, as manifested by his will, must prevail, and that his intention must be ascertained from the whole will, taken together. *Willis* v. *Watson*, 4 Scam. 64; *Heuser* v. *Harris*, 42 Ill. 425; *Jennings* v. *Jennings*, 44 id. 488; *Carruthers* v. *McNeill*, 97 id. 256; *Johnson* v. *Johnson*, 98 id. 564.

There was no vested interest in Spencer Boyd. *People* v. *Jennings*, 44 Ill. 488; *Ridgeway* v. *Underwood*, 67 id. 419; *Blatchford* v. *Newberry*, 99 id. 11.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Elijah Iles, of Springfield, in this State, died testate on the 4th day of September, 1883. The will of deceased contained the following provisions:

"*First*—In consideration of the love and affection I bear to my blood relations, I devise and bequeath to each one named below, a part or portion of all the proceeds of all the real and personal estate of which I may die possessed, (after paying all my debts, which may be few, or probably none,) which portion or share is to be paid to each one named below, to-wit:   To the following named children of my sister, Polly Boyd, viz., Cyrus, William, Elijah and Spencer, each one share, or if any die or have died, then to the widow of said deceased, and to her grand children, Helen Reynolds and Mary Bigstaff, each, a half share.   To the following named children of my brother, William Iles, viz., Minerva, Thomas, Clarissa, Jane, Mary and William, each one share.   To the following named children of my brother, Washington Iles, viz., Elizabeth, Cordelia, Ann, Washington, Elijah, Virginia and Edward, each one share, and to the heirs of his daughter Malinda, one share.   To the following named children of my sister, Elizabeth, viz., Parthena Singleton, Thomas and Reuben McDannald, Mary Melton and Elijah Strowbridge, each one share.   To my half-brother, Thomas J. Iles, three shares.

"*Secondly*—I appoint Norman M. Broadwell and Obed Lewis executors of this my last will and testament, and do hereby authorize them and empower them, or the survivor of them, to sell and convey all the real estate and personal property of which I may die possessed, in manner and on such terms as they may deem best, and of the proceeds pay the portion or share to each one named, in a convenient and reasonable time.   In the event of the death of any one named above, then the portion or share of the deceased to be paid to his or her offspring, or if such deceased person leave no offspring, then his or her share to cease, and be as though it was not devised, and the other shares proportionately increased."

On the 17th day of September, 1883, Spencer Boyd, one of the legatees, died in Bath county, Kentucky, leaving appellees, his children, but no widow, and on the 25th day of October, 1883, appellant, Banta, was appointed administrator of his estate ·by the county court of Bath county. The question presented by the record is, whether the executors of the estate of Iles shall pay the money bequeathed to Spencer Boyd, to his heirs or to his administrator. The circuit court. decided that the money was payable to the administrator,. and that decision was reversed in the Appellate Court.

A proper solution of the question involved rests upon the construction which will have to be placed upon the will set out above, and in construing the instrument, the intention of the testator, as manifested by the language of the will, must prevail. The intention of the testator is not to be determined from one clause or provision of the will, but each and every clause of the instrument must be considered, and from the whole will determine what was intended by the testator.

It seems plain, from the will, that the testator intended to make provision for five classes of persons : First, for certain named children of his sister, Polly Boyd; second, certain named children of his brother William ; third, certain named children of his brother Washington; fourth, certain named children of his sister Elizabeth; and fifth, his half-brother,. Thomas. It is also apparent, from the will, that the testator did not intend to devise to said parties, directly, any portion of his real or personal property, but all of his real and personal property was intended to be placed, and was. placed, in the hands of his executors, to be by them converted into money, and the proceeds distributed among the legatees named in the will. It was not the property itself which was devised, but the proceeds. Under such circumstances, did Spencer Boyd take a vested interest upon the death of the testator? We think not. On the other hand,. we think it is plain that the date of distribution was the time.

provided when the parties should take. It will be observed that the last clause of the will declares, that "in the event of the death of any one named above, then the portion or the share of the deceased to be paid to his or her *offspring,* or if such deceased person leave no offspring, then his or her share is to *cease,* and be as though it was never devised, and the other shares proportionately *increased.*" The obvious meaning of this clause of the will is, in case any of the devisees named in the will should die before distribution, then the portion in the hands of the executors intended for such devisee should go to his offspring. This shows a plain intention that the right of the devisee should not vest until the time had arrived for a distribution of the proceeds of the testator's property.

But it is said that this clause of the will has no reference to the devise made in favor of the children of Polly Boyd, but has reference to the other bequests. The language here employed is general, and is broad enough to apply to any and all of the legatees. The language, "in the event of the death of any one named above," is so plain and definite, that Spencer Boyd could not be excluded from its operation without an arbitrary disregard of the plain and obvious meaning of the language employed by the testator to express his intention in the distribution of his property. Spencer Boyd died thirteen days after the death of the testator,—long before the property devised had been converted into money, and before the period of distribution had arrived,—and we are of opinion that by the terms of the will the amount which he would have received, had he lived, belonged to his offspring,—his children. This view is in harmony with *Jennings* v. *Jennings,* 44 Ill. 488, where a like question arose.

What was intended by the testator by the last part of that clause of the will in which the devise is made to the children of Polly Boyd, wherein he uses this language, "if any die or have died, then to the widow of the said deceased," may not

be entirely clear; but however that may be, the other clause of the will, which we have alluded to before, leaves no room for doubt as to the proper distribution of the property.

We regard the decision of the Appellate Court as correct, and it will be affirmed.

*Judgment affirmed.*