Where testatrix devised her property to her executors in trust to hold until her son became of age, "then the property to be sold, and the proceeds of such sale to be divided among the surviving children or their heirs, share and share alike," the interests of the remainder-men vest at the death of the testatrix; and an assignment by one of them, who died unmarried and without issue before the son became of age, to another, conveys that interest to the assignee.

In the matter of the judicial settlement of the account of Annie Radford, executrix of Annie Early, deceased.

William J. Kelly, for executrix.

William H. Good, for Margaret Mulligan and George Early.

CHURCH, S. This is a question of the construction of a will. The will devises the property to the executors, who were two of testator's daughters, in trust to hold "until my son George Early attains the age of twenty-one years; then the property to be sold, and the proceeds of such sale to be divided among the surviving children or their heirs, share and share alike." Annie Radford, one of the executors, subsequent to the testator's death purchased the share of her brother James Early. This brother died unmarried and without issue before George Early became 21 years of age. Margaret Mulligan, the other executor, was removed as such for misconduct, and now contends that under the will the remainder was simply a contingent one, that did not vest until the period of distribution, and that therefore the assignment of James J. Early of his interest was ineffectual. The mere direction for the payment of a legacy at a future time does not prevent its vesting. The question is whether, from the will as a whole, it was apparent that it was the intention of the testator that it should vest at the time of her death. As a general rule, bequests to a class mean the persons in existence at the time of the death of the testator. The addition in this will of the words "or their heirs" plainly shows that the testator contemplated the contingency of some of the children dying between her death and the period of distribution, and was a provision that in such event their heirs should take. This shows a plain intention to make the estate vest immediately upon testator's death. Counsel contends that these words should be regarded as surplusage, but if, as I have held, they show that they were used as an evidence of the testator's intent, they are very important. The case is plainly within the cases of In re Mahan, 98 N. Y. 372; Goebel v. Wolf, 113 N. Y. 405, 21 N. E. 388, 10 Am. St. Rep. 464. This being the only objection to the decree proposed by the executrix, I will sign the same in the form proposed.

Decreed accordingly.