DAVID BLAIN and others, Appellees, v. IDA DEAN and others, Appellants.

**Wills:** CONSTRUCTION: WHEN DEVISE BECOMES EFFECTIVE. A devise to
1   one person with a devise over to another in case the first named beneficiary dies without issue, is to be interpreted as having reference to the death of such beneficiary before the will takes effect by the death of the testator; and if the beneficiary be living at the death of the testator then the devise takes effect, although the time for its enjoyment is postponed to some future period or date of distribution.

**Same:** DEVISE OF REALTY: WHEN TREATED AS PERSONALTY. Where land
2   is devised with directions to sell the same and distribute the proceeds at some future time, it is to be treated as a devise of personalty.

**Same:** DESCENT AND DISTRIBUTION: INTEREST OF SURVIVING SPOUSE.
3   Under a will directing the sale of realty and a division of the proceeds equally among testator's children, and in case any child shall die leaving no issue his share shall be divided among the survivors, the interest of a daughter vested upon the death of the testator, and was not lost by reason of her death thereafter, and prior to distribution, without issue: So that her surviving husband took an interest under the statutes of descent in the share which would have gone to her had she survived the period of distribution.

**Jurisdiction:** HOW ACQUIRED. Where a defendant does not appear to an
4   action or proceeding, either in person or by counsel, jurisdiction must be made to appear by the service of notice upon him, which is sufficient to satisfy the statutory and constitutional requirements.

**Same:** JUDGMENTS: EQUITABLE RELIEF. Jurisdiction, either by notice or appearance, will be presumed in support of a judgment of a court of record which is in due form; but this presumption is not conclusive, and where it is sufficiently negatived by competent evidence a court of equity will interfere to avoid the apparent adjudication.

**Same:** NOTICE OF ACTION: SUFFICIENCY. The office of a notice of an action or proceeding is to inform the defendant of the cause or causes upon which the plaintiff expects to ask the judgment of the court; and the court acquires no jurisdiction, in the absence of an appearance, to try and determine matters of which the defendant has not thus been given notice. Thus where notice was given simply of a petition for an order to sell the real property of an estate, the court acquired no jurisdiction thereby to adjudicate the interest of the party thus served in the estate.

**Judgments:** DEFAULT: ACTION TO SET ASIDE. A party can only be in default for non-appearance when he has had notice of the claim asserted against him; the mere entry of default without notice constitutes no adjudication, and the statutory proceeding for vacating judgments and for new trial is not an exclusive remedy in such cases, but the aggrieved party may attack the validity of such an adjudication in any form of proceeding in which it is pleaded against him.

**Same:** EQUITABLE RELIEF: DISTRIBUTION OF ESTATES. In an equitable action for relief against a decree authorizing an executor, who had power under the will to sell real estate and distribute the proceeds, to convey the real estate to the distributees in satisfaction of their claims, the decree being void in so far as it cut off the rights of the husband of a deceased distributee, the proper order was, not to direct a sale of the land for partition, but to ascertain the reasonable value of the husband's share in the land and to enter judgment therefore as a lien against the property; and the judgment in such case should not require defendants to account for the rents and profits of the land.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

THURSDAY, JULY 3, 1913.

ACTION in equity. The opinion states the case.—*Modified and Remanded.*

*Turner & Cullison,* for appellants.

*W. C. Bryant* and *J. J. Hess,* for appellees.

WEAVER, C. J.—One T. N. Christian, of Pottawatamie
county, Iowa, died February 6, 1908, seised of several tracts
of land in said county. He was survived by his wife, Rebecca
E., and seven children, Alner, Ida, Lewis, Benton, Cena,
Belle, and Ethel. The last named was then the wife of the
plaintiff herein, David Blain. The deceased left a will, by
which after setting aside certain lands to his wife for life in
lieu of dower, and after her death a life estate in part of
said land to his son Alner, he directed his executors to sell
the remaining lands, and divide the proceeds equally among
his children. A like direction was given for a sale of the
lands devised to the wife and Alner after the life estates
therein should have lapsed, and for like division of the moneys
so realized. In a separate paragraph it is provided as fol-
lows: "If any of my children shall have died leaving no
issue I direct that his share shall be divided among those
leaving issue and among my other children then living."
The will was duly probated, and the sons Alner and Benton
were appointed and qualified as executors thereof. The widow
declined to accept the provision made for her in the will, and
in a proper proceeding therefor certain specifically described
tracts were set apart and confirmed to her in fee in satisfac-
tion of her statutory dower rights in the lands of the de-
ceased. In July, 1910, a year and five months after the death
of her father, Ethel Blain died intestate survived by her hus-
band, David Blain, but without issue. Since the death of the
testator, his son, Lewis, has conveyed all his interest in the
estate to his mother, Rebecca E. Christian. It further appears
that, after the death of Ethel Blain, her brother Alner re-
linquished all his share and interest in the estate and property
of their father to his surviving sisters and his brother Benton.
Alner Christian resigned his trust as executor September 30,
1910, and thereafter the settlement of the estate was conducted
by Benton alone. On November 29, 1910, Benton Christian,
the acting executor, presented to David Blain, surviving hus-
band of Ethel Blain, a written notice of which he procured

said Blain's acceptance of service. It was directed to the
widow, Rebecca E., and to the surviving heirs and devisees
of T. N. Christian, and to David Blain, notifying them that
on or before December 6, 1910, said executor would present
his petition to the district court "praying that he be author-
ized and empowered to make sale of the following described
real estate" (describing it), and that at the time and place
named· said persons could appear and "make objections if
any 'they have why said land should not be sold and the pro-
visions of said will complied with. For further particulars,
see said petition when filed." This paper was signed by Ben-
ton Christian as executor. Blain did not appear to or con-
test the proceedings, and knew nothing of the action taken
therein except as he was apprised by said notice. The ap-
plication, when filed, informed the court that the widow had
declined to take under the will and her statutory share in the
lands had been duly set apart to her, that Lewis and Alner
had disposed of all their interests in the lands of the estate
to their mother, and to· the remaining children, Benton, Cena,
Belle, and Ida. It further alleges that "the will of the said
T. N. Christian provides that the lands belonging to said estate
shall be sold by the executor of the will, and the proceeds
divided among the children of the deceased living at the time
the sale thereof is made." Neither the will nor a copy thereof
is embodied in or attached to the petition. It is then alleged
that in the best judgment of the executor the lands should
be then sold, and that the widow and the children Benton,
Ida, Cena, and Belle be decreed to be the only persons who
have any interest or right in the proceeds of the sale. No-
where in the petition is any mention made of the fact that the
testator had left a surviving daughter Ethel, or of the fact
of her subsequent death or the survival of her husband. On
the hearing no one appeared to resist the application, and
the persons named in the notice defaulted except Alner Chris-
tian, who did not object to the order of sale, but asked that
the agreed consideration for the relinquishment of his rights

in the land be made a lien on the said property. An order of sale substantially as prayed was thereupon entered. In said order the court recites the fact that Ethel Blain survived the testator, but had since died without issue, and survived by her husband, David Blain; that under the terms of the will the only persons entitled to share in the proceeds of the sale so ordered were the widow and the four surviving children above named, Benton, Ida, Cena, and Belle, subject, however, to the lien claimed by Alner. The order then proceeds to say that these parties last named ''have entered into an agreement with the executor to accept and receive from him a conveyance of said lands in full satisfaction of their claims against the estate and of their shares in the proceeds of the sale of said lands. Said agreement is approved, and the executor is ordered to make and deliver a deed conveying all said lands to the said Rebecca E., Benton, Ida, Cena, and Belle.'' On the same day a report of such conveyance was presented to the court, and the report and deed approved.

On the —— day of ——, 1912, David Blain instituted this action in equity stating the facts hereinbefore recited, alleging that upon the death of his wife, Ethel, he, as her surviving husband, inherited or became entitled to one-half of the estate which she had inherited from her father, or had been devised to her by his will in the lands in controversy. He further alleged that the order of court made on December 6, 1910, for the sale of said lands by the executor to the widow and surviving children of the testator without any consideration except the satisfaction of their claims as heirs of the testator and devisees under his will, and adjudging that said widow and surviving children were the only persons entitled to share in the proceeds of the sale of said lands, was not only obtained by fraud, but was entered without jurisdiction, and is void, and that plaintiff still owns and holds the share in said lands with which he became vested as surviving husband of Ethel Blain. He therefore asks that the order of sale and the

executors' deed be set aside as against him, that he be ad-
judged the owner of a one-twelfth interest in all said land,
and that a partition thereof be ordered accordingly. The de-
fendants admit the death of the said T. N. Christian, that he
left a will in the form shown in the record, and that such will
has been duly probated. They also admit that the widow
did not take under the will; that a share in the lands has been
set apart to her in her own right; that an order of sale was
secured by the executor, the lands conveyed to themselves;
and that David Blain was excluded from any share in the
lands or proceeds of sale. They deny all charges of fraud
in connection with that transaction, aver that the order of
sale is a valid and final adjudication of plaintiff's claim, and
cannot be questioned or set aside in this proceeding. They also
aver that, the said Ethel Blain having died without issue be-
fore the lands of the estate were sold, the share to which she
would have been entitled passed by the terms of the will to
her surviving brothers and sisters, and that no right or in-
terest therein passed to her surviving husband.

The issues thus joined were tried to the court, which
found for the plaintiff and adjudged him to be the owner of
a one-twelfth interest or share in all said lands except those
set apart to the widow of the testator. It was also held that
the notice served upon plaintiff of the application for the
order to sell was insufficient to apprise him of the nature of
the order really sought and obtained, and gave the court no
jurisdiction to find or adjudge that plaintiff had no right or
interest in the property, or to authorize a conveyance of the
property to defendants without other consideration than their
release or satisfaction of their claims to share in the estate,
and that plaintiff is therefore entitled to a partition of said
lands subject to the lien of Alner Christian to secure payment
to him of an agreed consideration of his relinquishment of all
right and interest in the property. For the purposes of parti-
tion, it was further ordered that the lands be sold, and, after
discharge of the lien of Alner Christian and payment of costs,

the plaintiff should receive one-twelfth of the proceeds of such sale, and the remainder be divided among the defendants. From this decree, the defendants appeal.

As the facts are for the most part admitted, we have set them out with more than ordinary fullness, believing that, when thoroughly understood, little argument will be required in reaching the proper conclusion.

I.   In natural order the first inquiry is: What right or interest, if 'any, did Ethel Blain take in her father's estate under his will?   Did she become vested immediately with the right to share in the future distribution of his

1. WILLS: construction: when devise becomes effective.

estate or was such right made subject to extinguishment by her death without issue at any time prior to such distribution by the executor?   Language in this form or its substantial equivalent is of very frequent occurrence in testamentary instruments, and much litigation has arisen over such provisions.   It is impossible to reconcile all the decisions along this line, but it is not too much to say that the very great weight of authority is to the effect that a devise to one person with devise over to another in case the first-named beneficiary shall die without issue is to be interpreted as having reference to the death of such beneficiary before the will takes effect by the decease of the testator, and that, if the beneficiary be living at the time of the testator's death, the devise takes effect, although the time for its enjoyment is postponed to some future period or date of distribution.   Such is the rule in this state, save in exceptional cases, where by reason of peculiar circumstances or the peculiar language in which the gift is couched it clearly appears to have been the testator's intent that only those who survived the period of distribution and representatives of those who have died leaving issue should take any share in his estate.   *Archer v. Jacobs,* 125 Iowa, 480; *Tarbell v. Smith,* 125 Iowa, 388; *Callison v. Morris,* 123 Iowa, 297; *Ross v. Ayrhart,* 138 Iowa, 121; *Collins v. Collins,* 116 Iowa, 703.   Stating the rule as to legacies or gifts of personalty, the New York

court has said: "It (the rule) is well settled that where the terms of a bequest import a gift, and also a direction to pay at a subsequent time, a legacy of personalty will not lapse on the death of the legatee before the time for payment arrives." *Traver v. Schell*, 20 N. Y. 89. See, also the English case, *Lucas v. Cartine*, 2 Beav. 367. For other cases quite in point with this, where the will directs property to be sold and the proceeds divided between testator's children, and it has been held that their right to the respective shares therein vests immediately upon the testator's death, see *High v. Worley*, 32 Ala. 709; *Wengerd's Estate*, 143 Pa. 615 (22 Atl. 869, 13 L. R. A. 360); *Tazewell v. Smith*, 22 Va. 313 (10 Am. Dec. 533); *Thomson v. Hill*, 87 Hun (N. Y.) 111 (33 N. Y. Supp. 810); *Fisher v. Banta*, 66 N. Y. 468; *Marsh v. Wheeler*, 2 Ed. Ch. 156; *Arnold v. Arnold*, 50 Ky. (11 B. Mon.) 81; *Richardson v. Morey*, 35 Mass. (18 Pick.) 181; *Owens v. Owens*, 64 App. Div. 212 (71 N. Y. Supp. 1108); *Bates v. Spooner*, 75 Conn. 501 (54 Atl. 305); *Wing's Estate*, 154 N. Y. 313 (48 N. E. 537); *Radford's Case*, 37 Misc. Rep. 241 (75 N. Y. Supp. 255); *Johnes v. Beers*, 57 Conn. 295 (18 Atl. 100, 14 Am. St. Rep. 101).

The cases thus far cited illustrate the rule as applied both to devises of real estate and bequests of personalty. It is clear, however, that under the doctrine of equitable con-

2. SAME: devise of realty: when treated as personalty.

version land devised with directions to sell and distribute the proceeds is to be treated as personalty. A gift of this kind is treated as being completed upon the death of the testator, and the direction to sell the land and make distribution at a future period operates only to defer the time of its enjoyment. In *Cropley v. Cooper*, 86 U. S. (19 Wall.) 167 (22 L. Ed. 109), the will provides for two successive life estates in land for his wife and daughter Elizabeth, with direction, after the lapse of the life estates to sell the land, the proceeds then to become the property of the child or children of Elizabeth, when he, she, or they arrive at the age of twenty-one years. Elizabeth

had one child living at the time of the testator's decease. It was held that the interest of the child was not conditioned upon her surviving the life tenants or the sale and distribution, but vested immediately upon the testator's death. It was also held that the gift should be treated as one of personalty. The case of *Starr v. Willoughby,* 218 Ill. 485 (75 N. E. 1029, 2 L. R. A. [N. S.] 623), relied upon by the appellants, is not in point, for the distribution there ordered was expressly limited by the will to the children "living at that time," referring to a date subsequent to the testator's decease. There are other Illinois cases which afford support to appellants' contention, for example *People v. Jennings,* 44 Ill. 488, and *Banta v. Boyd,* 118 Ill. 186 (8 N. E. 671), and others of that class. That court seems to give no effect in such cases to the doctrine of equitable conversion which for the purposes of the settlement of the estate makes the change from realty to personalty contemporaneous with the death of the testator. These precedents are out of harmony with the great current of authority, and we are not inclined to follow them.

Counsel say that to hold that Ethel Blain took any vested interest under the will is to render meaningless the phrase, "if any shall have died," but we think this is a mistake. The logical and grammatical construction of the phrase is as well preserved, and it is given force and effect as truly if we make it applicable to the date of the testator's death as if we should hold it to have reference to the date of distribution. Without further extension of this branch of the discussion, we conclude that upon a fair and natural construction of the testator's words, as well as upon the application thereto of well established rules of testamentary construction, Ethel Blain, having survived the testator, acquired a vested interest in his estate, and that such interest was not lost by her death without issue before a distribution had been accomplished. The extent of that interest in the lands of the deceased, except those set apart to the widow, was the right to receive a one-seventh part

3. DESCENT AND DISTRIBUTION: interest of surviving spouse.

of the proceeds of their sale. As she died without issue, it follows under our statute of descent that plaintiff as her surviving husband acquired one-half of such share or one-fourteenth of such proceeds.

II. Next in order we have to inquire whether the right or share thus accruing to plaintiff has been lost or divested by the order of sale and the executor's deed made in pursuance thereof to the defendants.

The first requisite to a valid judgment is the court's jurisdiction of the person of the judgment defendants and of the subject-matter adjudicated. Where the defendant does not appear to the action or proceeding either in person or by counsel, jurisdiction is to be obtained or shown by proof of the service of a notice which is sufficient to satisfy statutory and constitutional requirements. A person may not be rightfully deprived of life, liberty, or property without an opportunity to be heard in his own behalf.

4. JURISDICTION: how acquired.

Where a judgment in apparent due form is found in a court of record, sufficient notice to or appearance by the defendant is presumed, but the presumption is not ordinarily conclusive; and, if both notice and appearance are sufficiently negatived by competent evidence, equity will interefere to avoid the apparent adjudication. This rule is elementary in the law of this state.

5. SAME: judgments: equitable relief.

The requisites of due notice to support a judgment by default are fixed by statute. By Code, section 3514, it is provided that original notice must, among other things, inform the defendant of the name of the plaintiff, and state in general terms the nature of the cause to be heard and the relief demanded. It is not necessary that the notice shall be stated in specific detail such as might be required in a pleading, but it must be specific enough to permit the defendant to understand the "cause or causes" upon which plaintiff expects to ask the

6. SAME: notice of action: sufficiency.

judgment of the court. Above all things, it is not to be so constructed as to deceive an ordinarily cautious defendant and secure the entry to his prejudice of a judgment or order, of the purpose to ask which the notice gives him no hint or warning. It is to be what its name purports—a notice, and not a trap. He has the right to assume that the notice has been drawn and framed in good faith, and, in case the purpose stated therein be one he does not care to contest or resist, he need not appear in the proceedings, but may rest in confidence on the assumption that no adjudication will be sought or had against him other than such as is foreshadowed in such notice. The jurisdiction which the court acquires is to do the thing or hear the cause disclosed by the notice, and, if the other party takes advantage of the defendant's default to obtain other and additional adjudications beyond the fair scope of such notice, then the adjudication to that extent has been without jurisdiction, and is void. In other words, the office of the notice is not only to give jurisdiction, but also to limit it.

Applying this principle to the case before us, it is quite clear that, in so far as the order of the court undertakes to cut off the plaintiff's right to share in the estate and to authorize the executor to convey the entire property to the defendants without other consideration than the satisfaction of their claims to share in the testator's estate, it was void, and of no effect as against the plaintiff. The only thing of which plaintiff was notified was that the executors would ask power and authority "to make sale" of the land. The very fact that plaintiff was named in and served with such notice would have the natural tendency to suggest to his mind that the executor and the family of his deceased wife recognized him as having a right or share in the land; and, instead of spurring him to employ counsel and appear to the proceedings, it could scarcely do otherwise than to lull him into a feeling of security, and bring about the default of which an undue advantage was taken. He knew that the will directed a sale

of the land, and that such sale would doubtless have to be made before he could come into the enjoyment of his share in the estate, and he had the right to assume that the executor in moving to obtain the order was acting in his interest no less than in the interest of the devisees.   The case of *Jordan v. Woodin,* 93 Iowa, 453, is directly in point.   The widow of the testator was the executrix of his will.   She gave due notice of the filing of her final report and of the day on which it would come for hearing before the court.   There was no appearance or objection to the report, and it was approved.   It appears, however, that in the report the widow alleged that under the will she became the sole owner of the undistributed portion of the estate, and the order of the court was relied upon by her as an adjudication of her right.   Subsequently another party in interest began an independent action in equity for an interpretation of the will, and to recover a portion of the estate.   The plea of adjudication was overruled by this court saying: ''There was nothing in the notice served on plaintiff to apprise her of the fact that the widow claimed to own the estate unconditionally, nor that an interpretation of the will which would settle the ownership was asked. . . . We are of the opinion that there has been no adjudication which is binding upon plaintiff.''

The insistence of the appellant that plaintiff's only remedy was by application to set aside the default or reopen the original case is unavailing.   While plaintiff was in default so far as the mere order to sell was concerned, he was not in default as to any other claim or demand of which he had no notice.   As to these, the statute regulating proceedings to set aside defaults, to vacate judgments, and for new trial does not afford an exclusive remedy.   A party can be put in default for nonappearance only when he has had notice of the claim asserted against him, and the mere entry of default without notice constitutes no adjudication, and he may attack its validity in any proceeding where such adjudication is pleaded against him.

7. JUDGMENTS: default: action to set aside.

Having reached the conclusion that the attempted adjudication is of no effect because of want of jurisdiction, we shall take no time to discuss the charge of fraud, but it must be said the record affords ground for strong suspicion that the notice was carefully planned to conceal the real purpose of the executor and the defendants, and thereby avoid exciting the fears or the opposition of the plaintiff until he found himself irrevocably bound by what was hoped to be an adverse adjudication. Even the application itself, as we have before noted, makes no mention of the deceased sister and no specific claim to deny her husband's right to succeed to her share, and the only allegation upon which such a judgment could have been entered is in a form not likely to attract the attention of the ordinary person, and plaintiff might well have read it without suspecting its purpose.

III. What we have said in the preceding paragraphs sufficiently indicates our view that the equities are with the plaintiff, and that he is entitled to relief. We are, however,

8. SAME: equitable relief: distribution of estates.

of the opinion that the decree appealed from cannot be sustained in all its provisions. It finds that plaintiff is the owner in fee simple of a share in the land, and therefore entitled to a partition, for which purpose a sale is ordered. It is to be observed that the will devises no land to the children of the testator, but provides that, after the provision made for the widow is satisfied, the lands are to be sold, and the proceeds of the sale are to be divided and distributed among them. The testator doubtless anticipated the impracticability of an equitable division of the land between his widow and seven children, and sought to avoid the trouble and expense of partition proceedings in which a sale would be necessary by the more direct and equally effective method of sale and distribution by his executors. Under such circumstances, as we have before said, the doctrine of equitable conversion is usually held to apply, and for the purposes of settling the estate and adjusting the rights of the devisees and legatees lands are treated as personalty.

*Boland v. Tiernay,* 118 Iowa, 62. A power of sale was vested in the executors, and this power was exercised and the land conveyed, and we see no reason why the sale should be set aside and the expense and delay of the formal partition incurred if the rights of the plaintiff can be secured and enforced without it. This it appears to us is not difficult. His right is the right to share in the proceeds of a sale. If the sale had been made in the usual manner for a full and fair consideration, and the money derived had all been paid over to the defendants, ignoring the right of the plaintiff to a share therein, his most direct relief would have been by a judgment or order requiring the defendants to make the payment due him and securing it by a lien on the land. The only complicating circumstance here is the fact that the land was not sold or conveyed at a fixed valuation, but the ends of justice can be obtained by ascertaining the fair and reasonable market value at the date of the conveyance, and requiring the executor and the defendants to account on that basis. Plaintiff's share therein is a matter of easy computation, and the same so ascertained with legal interest from the date of the conveyance will represent the amount of his recovery for which he should have a lien on the property. It is not material for us to consider or decide whether the legal title to the land from the death of the testator to the date of the sale was in the devisees or in the executors, for, wherever it was vested, the will gave the latter power to convey it, and their deed was sufficient to vest it in their grantees.

The decree should be further modified by omitting the provision which requires defendants to account for the rents and profits of the lands.

With these modifications in the relief granted to the plaintiff, the cause will be remanded to the district court to ascertain and assess the fair market value of the land at the date of the executor's conveyance, and for the entry of a modified decree in accordance with the views expressed in this opinion.

Three-fourths of the costs of the appeal will be taxed to the appellants, and one-fourth to the appellee.

*Modified* and *Remanded.*