CHARLES A. STARR

v.

JAMES A. WILLOUGHBY et al.

*Opinion filed December 20, 1905.*

1. WILLS—*testator's clear intention to postpone vesting of estate must be carried out.* The clear intention of the testator, shown from the entire will, to postpone the vesting of an estate until the period of distribution, must be carried out notwithstanding the fact that the law favors the vesting of estates.

2. SAME—*when vesting of estate is postponed to time of distribution.* Where a will provides that as soon as practicable after the testator's decease all real estate not specifically devised shall be sold, and the proceeds, after purchasing a home for the widow, divided among such children "as may be living at that time," the words quoted refer to the time of distribution, and the children take no vested interest before that time which can be devised by will.

3. SAME—*all devisees must agree in order to effect a re-conversion.* Where real estate is by the terms of the will to be sold and the proceeds distributed the devise should be treated as a conversion of land into money, and in order to effect a re-conversion of the money into land by the election of the devisees to take the land instead of the money all the devisees must consent to such course.

4. EXECUTORS AND ADMINISTRATORS—*order discharging an executor does not revoke unexecuted power of sale.* Where a will directs an executor to sell land as soon as practicable after the testator's decease and distribute the proceeds, an order of the court declaring the estate settled and discharging the executor before he has sold the land does not revoke his power to make the sale.

5. SAME—*order discharging executor does not extend to unsettled matters.* An order of the county court approving an executor's report, declaring the estate settled and discharging the executor, has the effect only of closing the account up to the time the report is approved and is void as to unsettled matters of the estate.

APPEAL from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

KEEFE & SULLIVAN, for appellant.

R. W. ROPIEQUET, (JAMES M. DILL, guardian *ad litem,*) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

William E. Willoughby died testate on the 18th day of July, 1897, leaving him surviving James A. Willoughby, William H. Willoughby, Mary J. Willoughby and Ida May Willoughby as his children and sole heirs-at-law. By the first paragraph of his will he devised certain lands to his wife, Jane Willoughby, during her natural life;. by the second paragraph he devised certain other lands to James A. Willoughby and his children, and the remaining paragraphs of the will read as follows:

"*Third*—As soon as practicable after my decease I direct that all other real estate owned by me not mentioned in the first and second clauses of this will be sold by my executors hereinafter named, and the proceeds thereof, together with the proceeds of any personal property that I may have, and any money, right and credit to me belonging, disposed of as follows: First, a sum not to exceed $1500 to be invested in the purchase of a residence in Lebanon, Illinois, for the use of my wife, Jane Willoughby, so long as she lives and remains my widow; second, the balance to be divided among such of my children as may be living at that time,. and surviving descendants of children, in case any of my children may have died leaving children or descendants of children then surviving and living at that time, the descendants of children to take *per stirpes;* but in the distribution under this clause I charge my son William H. Willoughby with $5546, he to get nothing under this clause except in the excess after the three other shares have reached the sum with which I herein charge him.

"*Fourth*—During the continuance of the estate of my wife, Jane Willoughby, in the lands described in the first clause of this will and in the house directed to be purchased for her in the third clause of this will, I direct that she pay the taxes thereon and repairs on said house.

"*Fifth*—On the re-marriage or death of my wife, Jane Willoughby, the lands described in the first clause of this

will and the house directed in the third clause of this will to be purchased for her use so long as she lives and remains my widow, shall be sold by my executor hereinafter named and the proceeds thereof distributed in the manner provided· for the distribution under the third clause of this will, and in this distribution my said son William H. Willoughby will be charged with any deficiency of said $5546 that his share of said distribution under the third clause of this will fails to meet.

"*Sixth and lastly*—I hereby nominate and appoint my son James A. Willoughby and my daughter Ida May Willoughby, my only children residing in this county, executor and executrix of this my last will and testament, directing that they shall not be required to give bond, revoking any former wills by me made and ratifying and confirming this and none other to be my last will and testament."

James A. Willoughby and Ida May Willoughby qualified as executor and executrix, and subsequently Ida May Willoughby intermarried with Charles A. Starr, by whom she had two children, Ida Mary and Ora Adelia, who were minors, and who were represented in this litigation by James M. Dill, their guardian *ad litem*. Ida May Starr died testate on September 20, 1904, leaving her surviving her husband, Charles A. Starr, and said children, Ida Mary and Ora Adelia. By her will she devised to her husband, Charles A. Starr, her entire estate. At the date of the death of Ida May Starr the lands of William E. Willoughby mentioned in paragraph 3 of his will remained unsold, and the question having been raised as to the power of James A. Willoughby to sell and convey said lands as surviving executor and as to whom the proceeds arising from a sale of the lands should go in case of a sale by the executor, James A. Willoughby, personally and as executor of William E. Willoughby, deceased, William H. Willoughby and Mary J. Keith (formerly Mary J. Willoughby) filed a bill in chancery in the circuit court of St. Clair county for the construction of the

will of William E. Willoughby, deceased, and to obtain a
sale of the premises mentioned in paragraph 3 of the will.
All of the parties in interest other than the complainants
were made parties defendant. Answers and replications
were filed, and the court entered a decree directing James A.
Willoughby, as sole surviving executor, to sell said premises,
and decreed that Charles A. Starr took no interest in the
proceeds of said sale under the will of his deceased wife, Ida
May Starr, but decreed that the interest represented by Ida
May Starr in her father's estate, and which would have
gone to her had she survived the date of sale of said prem-
ises and the distribution of the proceeds of such sale, be
paid to said Ida Mary and Ora Adelia, her children, and
Charles A. Starr has prosecuted an appeal to this court to
reverse said decree.

Three principal contentions are made in this case as
grounds of reversal:

*First*—It is contended that under the will of William E.
Willoughby, deceased, Ida May Starr took a vested interest
in the premises, or the proceeds arising from a sale there-
of, mentioned in paragraph 3 of said will, and that said in-
terest passed to Charles A. Starr as her sole devisee. This
contention involves a consideration of paragraphs 3 and 5
of the will of William E. Willoughby, deceased. We think
it clear from the language used in these paragraphs that the
testator intended his executors should hold said lands in
trust for the benefit of his children until said lands should
be converted into money by the executors by a sale, and that
he intended that neither of his children should take any in-
terest in said lands prior to a sale. Such being the manifest
intention of the testator and the lands not having been sold
prior to the death of Ida May Starr, she had no interest in
said lands at the date of her death, and hence her husband,
Charles A. Starr, took no interest therein through her will,
but the interest in said lands represented by Ida May Starr,
upon the sale of the premises under the will of William E.

Willoughby, deceased, will pass to the children of Ida May Starr, deceased.

The first clause of paragraph 3 provides, as soon as practicable after the death of William E. Willoughby the real estate in question shall be sold by his executors and the proceeds thereof disposed of in the following manner: The sum of $1500 was to be invested in a home for Mrs. Jane Willoughby, and the balance was to be divided among such of his children "as may be living at that time, and surviving descendants of children, in case any of my children may have died leaving children or descendants of children then surviving and living at that time." It is clear the words "living at that time" refer to the time of sale and not to the time of the death of the testator. While it is true that the law favors the vesting of estates, still where it is clear, from a reading of the entire will, that the testator intended to postpone the vesting of an estate until the period of distribution has arrived, that intention will be carried out. *Johnson* v. *Askey,* 190 Ill. 58.

In *People* v. *Jennings,* 44 Ill. 488, the testator provided his real estate should be sold by his executor as soon after his death as convenient, and the proceeds thereof, after the payment of his debts, funeral expenses, etc., should be equally divided among his four children, and in case of the death of a child, the child or children of the deceased child should take the share of the parent. One of the children died before the land was converted into money, leaving a widow and children, and it was held that the deceased child took no vested interest in the parent's estate, and that the interest which it represented in its parent's estate, upon the sale of the land went to the children of the deceased child and that the widow of the deceased child took no interest therein.

In *Banta* v. *Boyd,* 118 Ill. 186, the testator directed his estate, both real and personal, to be converted into money by his executors and devised the same to certain of his relatives, but provided in the event of the death of either of said rela-

tives the share of the deceased relative should be paid to his or her offspring. It was there held the property was not devised, but only its proceeds when converted into money, and that the relatives named in the will took no vested inter-. est in his estate before the arrival of the period of distribution, and that in case of the death of a relative named in the will before the period of distribution arrived, the share represented by the deceased relative went to his or her children, if any, and if such relative left no child or children the legacy lapsed. To the same effect is *Ebey* v. *Adams,* 135 Ill. 80.

The testator· did not intend to devise to either of his children, directly, any portion of his estate mentioned in paragraph 3 of his will, but intended his executors should convert said real estate into money and distribute the proceeds arising therefrom among his four children in equal parts, (taking into consideration the amount he had ·already advanced to William H. Willoughby,) should they be living at the time thè period of distribution arrived, and that in case of the death of a child the share which it represented should go to such deceased child's child or children. It was not the intention of the testator to devise the land to his children, but to give them the proceeds thereof. As Ida May Starr died before the period of distribution had arrived and she had no vested interest in the estate at the time of her death, the court correctly held that the share represented by her went to her children, and not to her husband, as devisee under her will.

*Second*—It is next contended that the children of William E. Willoughby, deceased, so treated said real estate as to re-convert the same into land, and that it, for the purposes of this suit, should not be considered as money but land. In *Baker* v. *Copenbarger,* 15 Ill. 103, it was held, where real estate by the terms of a will is to be converted into money and the money distributed, that the devise should be treated as a devise of money and not of land, and that in such case, by concurrence of all the devisees, they may elect to take the

land and not the money, in which event there is a re-conversion of the money into land, but that in order that a re-conversion take place all the devisees or beneficiaries named in the will must consent to a re-conversion,—that is, to take the land instead of the money.   William H. Willoughby in no way consented to a re-conversion of this land.   The court therefore properly held, by the terms of the will the land should be treated as money and so distributed.   *Jennings* v. *Smith,* 29 Ill. 116;  *Ridgeway* v. *Underwood,* 67 id. 419; *Ebey* v. *Adams, supra;  Robison* v. *Botkin,* 181 Ill. 182.

*Third*—The bill prayed that the court would determine whether James A. Willoughby had the right, as sole surviving executor, to sell said real estate notwithstanding he had filed his final report as executor of the estate of William E. Willoughby, deceased, and had been discharged, and asked if he did not have such power of sale that a trustee be appointed by the court to make the sale.   The court held that James A. Willoughby had power to make the sale as executor, and decreed that he sell the property and bring the money into court for distribution.   By the terms of the will of William E. Willoughby, deceased, James A. Willoughby and Ida May Willoughby were named as executor and executrix without bond.   They qualified as such, and on the 25th of April, 1900, filed a final report as executors, which showed their receipts and disbursements, and that there was due them as executors $325.79, which amount they subsequently acknowledged as having been paid to them, and the court entered an order approving said report and that they, as executors, be discharged.   While the county court appears to have discharged the executors, the duties of the executors, as a matter of fact, were not completed, but by the terms of the will they were to sell the real estate of the deceased and distribute the proceeds thereof among the beneficiaries named in the will in accordance with the terms of the will. Upon the death of Ida May Starr the power of sale devolved upon James A. Willoughby alone, (1 Starr & Cur.

Stat. chap. 3, sec. 97, p. 321,) and unless the order of discharge entered by the county court deprived him of the power conferred upon him by the will to make said sale he still possessed such power, as the power remained unexecuted by the sale of the lands of the deceased.

When an executor resigns or is removed, his power as trustee, which devolves upon him by virtue of his executorship only and not by express appointment as trustee to sell real estate, is revoked. (*Mullanny* v. *Nangle,* 212 Ill. 247.) We do not think, however, that an order of the county court declaring an estate settled and discharging the executor has the effect to revoke a power of sale in the executor, where the will directs the executor to sell real estate for the purposes of distributing the proceeds thereof among the beneficiaries named in the will, where such power has not been executed by the executor at the time the order of discharge is entered by the county court. In *Diversey* v. *Johnson,* 93 Ill. 547, quoting from Redfield on Wills, it is said: "It is not competent for the court of probate to decree the account of the personal representative passed upon by it, to be final, so as effectually to discharge him from any future liability to be called upon to answer for matters not embraced in the former account."

Woerner in his work on the American Law of Administration, (vol. 2, p. 1254,) says: "That which has not been tried cannot have been ajudicated. The final settlement of an executor or administrator can therefore be conclusive or binding upon nothing which was not either directly before the court or necessarily involved in that which was before the court and adjudicated. That which is not within the scope of the issues presented cannot be concluded by the judgment." And again, on page 1255: "If, therefore, property of the deceased is discovered after the final settlement, the existence of which was then unknown and could not for that reason be administered, the administrator and his sureties will be liable therefor and subject to the same

proceedings against them as in respect of the property coming originally to the hands of the administrator. So their functions in other respects remain unextinguished after final settlement, and an order of discharge made by the probate court can be regarded as a discharge only so far as the particular matters appearing upon the face of the account are concerned. This feature of the functions of executors and administrators is stated by Surrogate Bradford in the following language: 'The formal discharge contained in a decree on final accounting operates only as to the accounts of the parties up to that period. The trust is an enduring one. Other assets may be realized, new liabilities incurred, involving a continuance of duty and responsibility. A decree on final accounting does not destroy the relation of an executor, but only discharges him from liability for the past. * *. * Even after a final accounting and distribution an executor continues to be a trustee.' " And in *Scholl* v. *Olmstead*, 84 Ga. 693, it was held, executors to whom land is devised in trust for certain purposes, with power of sale and investment of proceeds upon trusts, the duties of which extend beyond the period of administration, have power to make a sale after their discharge as executors and the assumption of title as trustees. And it has been repeatedly held by this court that an order of the county court discharging an administrator or executor on a final accounting when the estate is not fully settled, as to the unsettled portion of the estate is void. *Blanchard* v. *Williamson*, 70 Ill. 647; *Cutright* v. *Stanford*, 81 id. 240; *Sutherland* v. *Harrison*, 86 id. 363; *Diversey* v. *Johnson, supra.*

We think it clear that the order of the county court approving the final reports of the executors and discharging them, only had the effect of closing their accounts as executors up to the time of the approval of such final report, and did not have the effect of depriving James A. Willoughby, as sole surviving executor, of the power conferred upon him by the will to sell the real estate in question, and that the

court did not err in holding that he, as surviving executor, had power to sell said real estate.

· Finding no reversible error in this record the decree of the circuit court is affirmed.          *Decree affirmed.*