## The People of the State of Illinois for use of Johnston Jeffries et al., Appellants, v. James K. Rardin et al., Appellees.

1. EXECUTORS AND ADMINISTRATORS—*sufficiency of declaration in action on bond.* Where a husband as administrator of his wife's estate gives bond to account for the proceeds of real estate sold to pay debts in a suit thereon by heirs, a declaration in substance averring such sale and that out of the proceeds the husband paid a certain sum of his personal debts on which his wife was surety, and that he has failed and refused to inventory and charge himself with that sum as due from himself to the estate, is not demurrable.

2. JUDGMENTS—*when approval of administrator's report is not res adjudicata of his liability.* Where a wife signs notes as surety for her husband and he as administrator allows them as claims against her estate, and the Probate Court approves his report without being informed of his primary liability on the notes, there is no adjudication which will preclude heirs suing on a bond given by the administrator to account for the proceeds on a sale of real estate.

3. EXECUTORS AND ADMINISTRATORS—*charges.* A husband being financially able to pay notes that his wife had signed as surety for him, paying as administrator such debts out of the proceeds of his wife's real estate, should charge himself with such sums.

4. EXECUTORS AND ADMINISTRATORS—*fraudulent payment of personal debts.* Where a wife signs notes as surety for her husband, he cannot sell her real estate and pay the notes and then inherit as personal property the claim of the estate against him on the notes, but he must account to the heirs who would have inherited a portion of such real estate.

5. DESCENT—*when estate descends subject to debts.* On the death of a wife her estate descends to her heirs subject to the payment of her debts, but not her husband's debts, and after payment of her debts the division of the estate among the heirs should be made; and its descent is regulated by the nature of the estate at the time of her death.

6. EXECUTORS AND ADMINISTRATORS—*approval of report.* An order of the County Court approving an executor's report, declaring the estate settled and discharging the executor, has the effect only of closing the account up to the time the report is approved, and is void as to unsettled matters of the estate.

7. EXECUTORS AND ADMINISTRATORS—*discharge.* The approval of the final report of an administrator does not operate to discharge him as administrator.

Action in debt on bond. Appeal from the Circuit Court of Coles county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed June 5, 1912.

**Statement by the Court.** This is an action in debt against James K. Rardin, Samuel Rardin and Jacob M. Rardin on a bond executed by the defendants upon the condition that James K. Rardin, as administrator of the estate of his wife, Johanna J. Rardin, should properly account for the proceeds of certain real estate sold under an order of the County Court.

The declaration avers that Johanna J Rardin died October 29, 1909, intestate, leaving no children or descendants surviving her but left surviving her as her only heirs at law, her husband, James K. Rardin, Johnston Jeffries, her brother, Kittie Walker and Martha Hackley, her sisters, and Nettie Newby, French Dornblaser and James Dornblaser her niece and nephews; that James K. Rardin was appointed administrator of the estate of the deceased; that the said administrator filed an inventory which included fifty acres of real estate, which was all the real estate owned by the deceased at the time of her death; that afterwards the administrator presented his petition to the County Court setting forth that the personal estate of the deceased only amounted to $169.60; that the debts allowed against the estate amounted to $2,979.73; that there was a deficiency of personal property to pay the debts and praying for a decree to sell the real estate to pay the debts, which was granted, and the bond of the administrator for the sale of the real estate was fixed at $8,000; that the defendants on February 10, 1910, executed such bond and that afterwards the administrator sold the real estate for $5,275, yet he has not accounted for the proceeds in the manner provided by law.

The breach of the condition of the bond assigned is that all of the debts of the deceased properly charge-

able against the estate, including costs amount to $503.43; that the personal estate amounted to $169.60 leaving a balance of $333.83 to be paid out of the real estate; that the remainder of the debts were notes, describing them, which Johanna J. Rardin had signed as surety for her husband, James K. Rardin; that the money received on said notes was used by James K. Rardin in his individual business and he received credit for the same on his account at the bank, where he did business; that no part of said notes was for the individual use of the said Johanna; that at the time James K. Rardin was appointed administrator of said estate and up to the time of selling said real estate and the payment by him as administrator of said notes, he was solvent, but that instead of paying his own personal notes, as he should have done, he as administrator allowed the same as claims against said estate, and paid the amount of said notes out of the proceeds of the sale of real estate in addition to the balance due on the individual debts of the deceased; that he then deducted his dower fixed at $816.25 and then paid one-half of the remainder, $597.03 to himself, as his distributive share as surviving husband of the deceased, and reported in his final report to the County Court the balance $597.03 as due the heirs and that he paid therefrom $156.42 to Martha Hackley, sister of the deceased, as her share, and reported that there remained due to Kittie Walker $146.89, to Johnston Jeffries $146.89 and to James Dornblaser, French Dornblaser and Nettie Newby, each, the sum of $49.86; that the County Court approved said report without the said administrator having filed any supplemental inventory showing his said notes, so paid by him out of the proceeds of the said real estate, to be a debt due from him, and without requiring said administrator to charge himself with the amounts so paid on the said notes or to account for the same to the estate, and ordered the administrator discharged upon his filing receipts for the respective amounts so found due the

heirs; that the heirs, except Martha Hackley, refused to receipt for said amounts; that said administrator has not been discharged and that, if he will properly inventory and account for the real estate according to law, he should distribute amongst the heirs $2,096.96. It is also averred that although the time has long since elapsed for the inventorying of the amount due on said notes and the distribution of said funds, yet said administrator has not inventoried his said individual notes so paid by him as administrator or paid to said heirs their distributive shares of the proceeds of said real estate, but has wasted and disposed of the same to his own use.   The defendants filed a general demurrer to the declaration which was sustained by the court, and a judgment rendered in favor of the defendants.   The parties for whose use the suit was brought appeal.

EMERY ANDREWS, for appellants.

J. H. MARSHALL, for appellees.

Mr. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The substance of the declaration is that James K. Rardin, as administrator of his wife's estate under an order of the County Court, sold all the real estate of his deceased wife to pay the claims allowed against her estate, and that out of the proceeds of such real estate he paid $2,828.79 of his own personal debts on which his wife was surety, and that he has failed and refused to inventory and charge himself with that sum as due from himself to the estate.

The contentions of the administrator and his bondsmen are (1) that the estate had no claim against the administrator personally until the estate had paid the notes which Mrs. Rardin had signed as surety for him, and that on the payment of the claims by the estate such claims became personal estate and that he, as surviving husband, takes all her personal estate that re-

mains after the payment of the debts and (2) that he, as administrator, has made a final report in the estate to the Probate Court, which has been approved, therefore the matter now in controversy has been adjudicated and the heirs are concluded by the order of the Probate Court.

There is nothing in the declaration which shows that it was ever brought to the attention of the Probate Court that of the claims amounting to $2,979.93 allowed against the estate of the deceased, and remaining unpaid after the personal estate had been exhausted, $2,828.79, were not debts of the deceased, but were the personal debts of the husband, who as administrator had them allowed against his wife's estate. While the Probate Court in the settlement of estates and the adjustment of the accounts of executors exercises equitable jurisdiction, so far as may be necessary to adjust the same, (*In re* Corrington, 124 Ill. 363; Whittemore v. Coleman, 239 Ill. 450; Marshall v. Coleman, 187 Ill. 556;) yet, if the facts concerning the administrator's primary liability for the $2,828.79 were not brought before the Probate Court, then there has been no adjudication as between the estate and the administrator. An order of the County Court approving an executor's report, declaring the estate settled and discharging the executor, has the effect only of closing the account up to the time the report is approved, and is void as to unsettled matters of the estate. Starr v. Willoughby, 218 Ill. 485; Atherton v. Hughes, 249 Ill. 317; Diversey v. Johnson, 70 Ill. 647. The administrator has not been discharged although the report filed may have been approved.

The declaration avers that $2,828.79 of the claims allowed and paid by the administrator were his personal debts and that he has neither repaid the estate nor charged himself with any part of such sum. The demurrer admits this statement to be true. The estate descends to the heirs subject to the payment of the debts of the deceased, but not subject to the payment

of the husband's debts, and after the payment of the debts of the deceased the division of the estate among the heirs should be made, and its descent is regulated by the nature of the estate at the time of her death.

The declaration avers that the administrator was solvent. The administrator being financially able to pay his personal debts, upon which his wife was surety, and having paid such debts out of the proceeds of her real estate, should have charged himself with such sums. Wachsmith v. Penn. Mutual Life Ins. Co., 241 Ill. 409; In re Walker, 125 Cal. 242; Baucus v. Barr, 107 N. Y. 624; McCarthy v. Frazer, 62 Mo. 263; Parker v. Irick, 10 N. J. Eq. 269; Rader v. Yeargin, 85 Tenn. 486; McClamrock v. Gregory, 119 Ind. 509; 2 Woerner on Adm. Secs. 311 and 512.

At the time of the death of Johanna J. Rardin, her husband was not indebted to her. It was only by the fraudulent act of the husband in failing to pay his debts and causing them to be paid out of the real estate of his deceased wife, that a claim accrued to the estate against him. The argument of the appellees in effect is that the administrator by his fraudulent financiering has converted his deceased wife's real estate into personal estate and that he now inherits, by reason of his fraud, what he would not have inherited if he had done what he was able to and ought to have done, and that the court should not compel him to account for property converted from real estate into personal estate in the manner alleged in the declaration, because he as surviving husband inherits all her personal estate. After the proper accounting has been had, the disposition of the property will be made either in the Probate Court or in some other court and is not involved in the decision of the demurrer. The court erred in sustaining the demurrer. The judgment is reversed and the cause remanded with instructions to overrule the demurrer.

*Reversed and remanded with directions.*