## In the Matter of the Estate of Jacob Brown, Deceased. Calvin J. Brown and Harvey R. Brown, Appellants. Nannie E. Howe, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

In the matter of the estate of Jacob Brown, deceased. From an order appointing an administrator *de bonis non,* Calvin J. Brown and Harvey R. Brown appeal.

HARVEY H. ATHERTON, for appellants.

W. SCOTT EDWARDS and MARVIN T. ROBISON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 543*—*when order approving report of administrator void as to unsettled matters and discharge of administrator.* An order approving the report of an administrator and declaring the estate settled and the administrator discharged, where the report showed that the major part of the wid-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ow's award and the claims allowed were unpaid and that there was nothing remaining available to pay the balance of such award and claims, *held* to be effective only to close the account to the time of its approval, and to be void as to unsettled matters and discharge of the administrator.

2. HOMESTEAD, § 76*—*what interest conveyed by widow.* A conveyance by a widow of land set off to her for her homestead conveys only her interest and not that of heirs or creditors.

3. EXECUTORS AND ADMINISTRATORS—*when deed inadmissible on application for appointment of administrator.* A deed by a widow of land set off to her for her homestead, *held* inadmissible in evidence on application for appointment of administrator, as the question of the effect of such deed could not be tried until such appointment.

4. HOMESTEAD, § 94*—*when may not be sold.* When the widow of a decedent is in possession of premises as a homestead which do not exceed in value $1,000, the premises cannot be sold to pay debts until termination of the homestead estate.

5. EXECUTORS AND ADMINISTRATORS—*when holder of unsatisfied claim may apply for sale of homestead.* The holder of an unsatisfied claim against an estate may wait until the homestead estate, when its value does not exceed $1,000, is extinguished before applying for a sale of the property, even though more than twenty years may have elapsed since the claim was allowed.

6. EXECUTORS AND ADMINISTRATORS, § 25*—*what is discretion of court as to appointment of administrator.* It is a matter in the discretion of the court making the appointment of an administrator as to which one of the heirs shall be appointed.

7. EXECUTORS AND ADMINISTRATORS, § 616*—*when administratrix of estate properly appointed administratrix de bonis non.* The administratrix of the estate of a decedent's widow *held* not disqualified by reason of such office held by her for appointment as administratrix *de bonis non* of the decedent's estate, where there was an unpaid balance of the widow's award or such administratrix was herself an heir of the decedent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.