# Harry M. Schoolman et al., Defendants in Error, v. Anna Hofstadter et al., Plaintiffs in Error.

## Gen. No. 27,091.

1. ESTATES OF DECEDENTS—*discharge of administrator as affecting power to make correction deed.* A title is not fatally defective by reason of the fact that an administrator's deed in the chain bears no seal, where a subsequent deed made by the administrator after his discharge cures the omission, since the discharge of the administrator does not destroy the relation as administrator but only operates as a discharge from past liabilities.

2. ESTATES OF DECEDENTS—*validity of administrator's correction deed as affected by delay in making.* A correction deed, made by an administrator years after his discharge to correct a deed made by him during the period of the administration proceedings which was defective for want of a seal, is not void on the theory of laches or delay, even though the delay is unexplained, as in the case of an administrator who has not filed any petition for the sale of the real estate within seven years.

3. EQUITY—*waiver of technical defects in 'bill by failure to demur.* A defendant who, without demurring, answers to a bill to remove as a cloud from complainant's title an affidavit by defendant claiming an interest in the land thereby waives technical objections to the bill.

4. QUIETING TITLE—*aider of bill by answer.* A bill to remove as a cloud on title an affidavit filed by defendant which alleges that complainants are the owners of the premises, that defendant has filed of record an affidavit, claiming an interest therein, a copy of which affidavit is attached to the bill and made a part thereof, and which also alleges that defendant has no title or interest of any kind in the premises through complainants or any one else and praying for removal of the affidavit as a cloud and for general relief, to which defendant joins issue by her answer, is aided, as to any supposed failure to state facts sufficient for the cancellation of the affidavit, by the answer, where no objection to the bill is made at trial.

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed October 30, 1922. Rehearing denied November 13, 1922. *Certiorari* denied by Supreme Court (making opinion final).

MAX LUSTER, for plaintiffs in error.

BARRE BLUMENTHAL, for defendants in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiffs in error were the defendants and cross complainants below in a suit in chancery, and here seek to reverse a decree entered which granted the prayer of the bill that a certain affidavit recorded by the defendants in the recorder's office of Cook county should be removed as a cloud upon the title of the complainants to certain premises involved. The same decree dismissed for want of equity the cross-bill of plaintiffs in error, which prayed for the refunding of $750 which had been paid by defendants under a contract for the purchase of the premises. The cause was heard by the chancellor upon exceptions of plaintiffs in error to a master's report. The facts are practically undisputed.

Plaintiff in error Anna Hofstadter entered into a contract with Aaron and Yetta Schacher, his wife, on July 22, 1919, whereby she agreed to purchase the premises in question at the price of $12,000, subject to certain incumbrances. The contract set forth that Anna Hofstadter had paid $500 as earnest money, and that she agreed to pay, within five days after the title had been examined and found good, the further sum due, provided a good and sufficient warranty deed conveying to the purchaser a good title to the premises, subject to the incumbrances, should be then ready for delivery. The contract provided that a complete abstract of title or a merchantable copy thereof should be furnished within a reasonable time, with a continuation thereof brought down to date, and that in case the title was found upon examination materially defective within ten days after said abstract was furnished, then, unless such material defects were

cured within sixty days after written notice thereof, the earnest money should be refunded and the contract should become inoperative, and that if the purchaser failed to perform promptly on her part, the earnest money should, at the option of the vendor, be forfeited as liquidated damages.

The abstract was brought down and submitted to the lawyer of plaintiff in error. He gave a written opinion, noting twelve objections to the title, eleven of which are conceded to be immaterial, but the twelfth of which, it is insisted, was at least so serious as to justify the plaintiff in error in her refusal to accept the title. This objection was stated to be:

"Deed from Emil Rudolph, administrator of the estate of Jerome Plankinton, deceased, to Pearl Merkel, dated November 9, 1905. * * * is not under seal. A deed purporting to correct the error or supply the omission in the deed last referred to was recorded March 30, 1915, in book 13385, page 44, which deed was dated back to November 9, 1905, was acknowledged March 29, 1915, at which time the grantor named therein was no longer administrator of said estate of Jerome Plankinton, deceased, as he was discharged as administrator of said estate March 24, 1906, being the date when said estate was settled."

Relying upon this objection, plaintiff in error refused to take the title, and afterwards, on December 3, 1919, filed an affidavit setting up the agreement to purchase the premises, demands made thereon, and giving notice that she claimed the premises.

Defendants in error purchased the premises, taking title by deed from Aaron Schacher and Yetta Schacher, bearing date November 24, 1919. The objection of plaintiff in error to the title seems to have been the absence of a seal from the deed of the administrator. If the deed was not defective for that reason, plaintiff in error had no right to refuse the title. It is apparent the administrator had no power to convey the real estate except upon proper proceed-

ings in court, which we must assume, in the absence of objection, the abstract showed had been properly taken.

It does not appear that the court directed the deed to be made under seal, and if it had so directed the same would perhaps be construed as a directory rather than a mandatory provision. *People v. Ford,* 294 Ill. 319. But if the decree had so directed, and even if we assume that the deed was doubtful or defective in this respect, we think the later deed, although made long after the discharge of the administrator, would have corrected the error. "The decree on final accounting does not destroy the relation of executor, but only discharges him from liability from the past." Woerner on American Law of Administration, vol. 2, p. 1254; see also *Starr v. Willoughby,* 218 Ill. 486; *People v. Rardin,* 171 Ill. App. 226; *Rugle v. Webster,* 55 Mo. 246; *Snider v. Coleman,* 72 Mo. 568; *Moody v. Hamilton,* 22 Fla. 298; *Bartlett's Heirs v. Cocke,* 15 Tex. 471.

Plaintiff in error contends that the second deed was void on the theory that the facts show a situation analogous to that where an administrator has not filed any petition to sell the real estate within seven years after his appointment, and where no circumstances are set up excusing his laches in that respect. *Graham v. Brock,* 212 Ill. 579. The reason for that rule does not exist under facts such as appear here. The cases are not analogous.

Plaintiff in error also contends that the bill does not allege facts tending to show that the affidavit should be canceled, and that there is therefore a fatal variance between the bill and the proofs and decree. This objection is made for the first time in this court and, it would seem, without any assignment of error to support it. Plaintiff in error did not demur to the bill, but answered it, thus waiving merely technical objections.

The bill sets up that the complainants are the owners of the premises; that plaintiff in error has filed of record an affidavit claiming an interest in the premises, and a copy of this affidavit is attached to the bill and made a part of it. It also alleges that plaintiff in error does not have any title or interest of any kind in and to the premises or any part thereof through complainants or any one else, and it prays that the affidavit may be removed as a cloud on the title, and for general relief. Plaintiff in error by her answer took issue on these averments. It is elementary that a defective bill may be aided by an answer.

Plaintiff in error relies upon *Langlois v. People*, 212 Ill. 75; but in that case the defendant elected to stand by the demurrer which he interposed and which had been overruled. Here the plaintiff took issue, and the proofs were taken without objection, and now, for the first time, plaintiff in error raises this question in the Appellate Court. We think the alleged error cannot be sustained, and the judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and DEVER, J., concur.