**Othelia Eskildsen, Administratrix of Estate of Niels Eskildsen, Deceased, Appellee, v. Chicago Macaroni Company, Appellant.**

**Gen. No. 41,648.**

516

Opinion filed June 9, 1941.

Victor H. Bloom, of Chicago, for appellant.

Fred W. Wolfe and William O. Burns, both of Chicago, for appellee; Carl Pomerance, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from a judgment against it of $487.07, entered upon trial by the court. Plaintiff's claim alleged this amount was due Niels Eskildsen, deceased, for merchandise sold by him to defendant; the claim was denied by defendant, which filed a counterclaim setting forth that the estate was indebted to it based upon a rent balance. The case was tried June 5, 1940, and judgment was in favor of plaintiff and against defendant on its counterclaim.

Defendant makes the point that on the day the case was tried and judgment entered, namely June 5, 1940, there was no plaintiff, as the administratrix bringing the suit had before that date presented her final report to the probate court of Cook county and had been discharged.

July 19, 1939, the administratrix filed the statement of claim; April 18, 1940, she presented her final report and account in the probate court, which account was approved and she was discharged as administratrix.

After the judgment against defendant entered June 5, 1940, it filed its motion to vacate the judgment on the ground plaintiff had been discharged as administratrix and therefore there was no party plaintiff and the court was without jurisdiction to hear the cause.

June 19, 1940, an order was entered in the probate court vacating the order of April 18, *nunc pro tunc* and authorizing the administratrix to continue in that capacity as though she had not been discharged; November 14, 1940, defendant made a motion for a new trial and the court heard at considerable length the testimony of a public accountant, and after hearing, the motion for a new trial was denied and judgment for plaintiff was entered.

Plaintiff, in answer to defendant's assertion on this appeal that there was no plaintiff who could take judgment when the case was tried and judgment entered, cites a number of cases, in which it has been held that although an order may be entered discharging an administratrix, such order is void as to the unsettled matters of the estate. In Horner Probate Practice and Estates (consolidated 4th ed.) vol. 1, § 766, it is said, ". . . . an order discharging the representative on a final accounting is void as to the unsettled part of the estate, and the representative has not been discharged although the report filed may have been approved." Among the cases supporting this in definite terms are *People v. Rardin,* 171 Ill. App. 226; *Fraser v. Fraser,* 149 Ill. App. 186, 195, 196; *In re Estate of Brown,* 204 Ill. App. 596 (Abst.); *Diversey v. Johnson,* 93 Ill. 547; *Starr v. Willoughby,* 218 Ill. 485.

Cases cited by defendant in opposition are not in point. A typical case is *Mitchell v. King,* 187 Ill. 452–459, where the plaintiff died pending the suit, which proceeded to judgment, although he had been dead some time. The court held under such circumstances that no judgment could be entered in favor of the dead man. Other cases cited involved the death of the plaintiff where the case proceeded without the death being suggested or the substitution of the executor or administrator as plaintiff.

Plaintiff correctly says the order of the probate court of June 19, 1940, vacating the order discharging her as administratrix did not change the status of the

case but merely corrected the record to show the true condition. We are of the opinion the order discharging the administratrix when the claim of the estate against defendant was still pending in the municipal court was void as to this claim. :

No argument is presented as to the merits of the case.

For the reasons indicated the judgment is affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.