In the Matter of the Estate of Samuel W. Palmer, Deceased.

Lorraine L. Hill, Petitioner-Appellant, v. The Havana National Bank, Executor of the Estate of Samuel W. Palmer, Deceased; Harold L. Palmer, William S. Palmer and Helen Helgeson, Respondents-Appellees.

Gen. No. 10,445.

Third District.

May 20, 1963.

Dunkelberg & Rust, of Pekin, and Deffenbaugh & Smith, of Springfield, for appellant.

Claudon & Elson, of Canton, and Edward Krebaum, of Havana, for appellees.

REYNOLDS, J.

This is an appeal from an order of the County Court of Mason County dismissing a petition to re-open the Estate of Samuel W. Palmer, to vacate the order discharging the executor, and to require the executor to inventory an insurance policy, or that the Public Administrator of Mason County be appointed as Executor or Administrator and be ordered to do so.

The will of Samuel W. Palmer was probated February 3, 1961, an inventory was filed, appraisal had, notice of claim date published, claims were allowed and on April 30, 1962, the final report of the executor was filed and approved. On June 10, 1962, the petition to reopen was filed. The County Court set June 25, 1962 for hearing on the petition and ordered notice given to the executor and the heirs. On June 26, 1962, the court dismissed the petition for want of statutory notice.

The petition alleged that on July 2, 1960, the deceased, Samuel W. Palmer, was involved in an automobile collision with a car driven by petitioner which resulted in injuries to the petitioner and damages to her car, and that she had a claim against decedent's estate and a cause of action against the executor. Petition further stated that there was an automobile insurance policy indemnifying the deceased from claims and judgments arising from the operation of his automobile; that this insurance policy was not inventoried by the executor.

Based on these allegations in the petition, the petitioner claims that she is a proper party to present the petition; that the order of the county court closing the estate was a nullity as the insurance policy was not inventoried, and that the seven days' notice ordered by the court was sufficient.

It is not contended by the defendant that the policy of insurance was inventoried. It does appear in the final report of the defendant executor in the following language:

"April 5 Cash received from cancellation of
 Country Mutual Insurance Company policy on Chevrolet car

236

$29.56 plus dividend on said poli-
cy $3.03 $32.59"

■■■ The petition to reopen was filed 49 days
after the final report was filed and approved. As to
all matters before the court, the order approving the
report and closing the estate became final after 30
days. Section 82, Chap 77, Ill Rev Statutes (1961).
As to all matters before the court it is binding, and
where proper notice has been given to the heirs, dev-
isees and creditors and the executor is discharged,
the executor is functus officio and can no longer be
sued in the absence of fraud, accident or mistake.
Lewis v. West Side Trust & Sav. Bank, 376 Ill 23, 45,
32 NE2d 907. However, the order of discharge is only
effective as to the matters which have been adjudi-
cated and does not extend to the unsettled portion of
the estate. It has been repeatedly held that an order
of the county court discharging an administrator or
executor on a final accounting when the estate is not
fully settled, as to the unsettled portion of the estate,
is void. Starr v. Willoughby, 218 Ill 485, 493, 75 NE
1029; Eskildsen v. Chicago Macaroni Co., 310 Ill App
515, 34 NE2d 723; People v. Rardin, 171 Ill App 226;
Diversey v. Johnson, 93 Ill 547.

■■■ Since the executor reported the refund and
dividend payment on the insurance policy, it cannot
be said the executor did not have knowledge of the
insurance policy. Whether it should have been inven-
toried as newly discovered assets or as an unsettled
portion of the estate became a matter to be deter-
mined on the merits. The county court had jurisdic-
tion of the subject matter when it set the petition for
hearing and ordered notice given. The dismissing of
the petition for want of statutory notice was error.
If the insurance policy was "newly discovered as-

sets," Section 95, Chap 3, Ill Rev Statutes, provides a remedy. Sections 98 and 99 of the Probate Act sets out the procedure. If the insurance policy was an unsettled portion of the estate, notice giving reasonable time would be sufficient. Under either view, the court should have quashed the notice and granted leave to the petitioner to give further notice and then held a hearing on the merits as to whether the insurance policy should have been inventoried.

For the reasons stated, the judgment dismissing the petition is reversed and the cause remanded with instructions to reopen the estate and to grant petitioner leave to give further notice for a hearing on the merits.

Reversed and remanded.

CARROLL and ROETH, JJ., concur.