FIRST NATIONAL BANK OF MOLINE, Petitioner-Appellee, *v.* FRANCES MUSCIO *et al.,* Defendants-Appellants.

(No. 72-44; ▮▮▮▮▮▮▮▮▮▮

Third District—May 10, 1972.

Winstein, Kavensky & Wallace, of Rock Island, (Dorothea O'Dean, of counsel,) for appellants.

Coryn, Patton & Walker, of Rock Island, (James J. Coryn, of counsel,) for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Probate Division of the Circuit Court of Rock Island County, Illinois, which appointed the First National Bank of Moline as executor of the will of Myrtle Mae Martin, deceased, and overruled the objections of the decedent's heirs to the appointment.

Her heirs allege that the decedent was murdered by her husband, who then took his own life; that the First National Bank of Moline has been appointed executor of the deceased husband's will; that a wrongful death action must be instituted by the executor of the will of Myrtle Mae Martin, deceased, against the executor of the will of her husband; and that the Bank could not properly represent both estates. They argue that a conflict of interest now exists between the beneficiaries of the husband's estate and the heirs of the wife; that the Bank as executor of the two wills could not fulfill its obligations to all persons to whom it would be responsible; that it should not at the same time be both prosecuting and defending the action for wrongful death; that the Bank's having a conflict of interest would be "other good cause" justifying removal under Section 276 of the Probate Act; and that the Bank there-

fore should not be appointed executor of the wife's will in the first instance.

The Bank maintains that the executor named in a decedent's will must be issued letters testamentary, under Section 75 of the Probate Act, if that executor qualifies and accepts the office; that anyone not wanting the executor to act must file a petition for removal under Section 276, as was not here done; and that there is no conflict of interest here which should bar the Bank's appointment as Executor of the wife's will because it is not the wife's estate but the beneficiaries named in Section 2 of Chapter 70 of the Illinois Revised Statutes who are entitled to any amount recovered from the husband's estate. The Circuit Court, in holding for the Bank and ordering letters testamentary issued to it, took the position that objections to the appointment based on the existence of the wrongful death claim were at that point premature.

Long ago the Illinois Supreme Court gave exhaustive consideration to the qualifications of an executor, in the analogous case of *Clark v. Patterson*, 214 Ill. 533. That case presented questions of fitness to act and conflict of interest by reason of a claim that a person named as co-executor had received property from the testator which belonged to his estate. The Supreme Court ruled that letters testamentary must be issued to the executor named in a will unless expressly disqualified by statute, and held the alleged adverse interest not a statutory cause of disqualification. It considered the argument that grounds for removal should disqualify, but it found the matters alleged not to be grounds for removal.

The Supreme Court stated again in a later case that it is mandatory to have letters testamentary issued to the executor named in a will if ready, willing, and qualified to act. (*Nonnast v. Northern Trust Co.*, 374 Ill. 248, 268.) This was reiterated in *Belleville Savings Bank v. Schrader*, 214 Ill.App. 388, 392, the court adding that a testator has the right to designate who shall act as executor of his will, and his beneficiaries cannot designate someone else, provided the testator's nominee is ready, willing, and able to act. In another case wherein a claim of adverse interest was held to fall short of justifying an executor's removal, it was said that a testator's selection of his executor should not be set aside lightly. (*In re Estate of Kuhn*, 87 Ill.App.2d 411, 423.) The administratrix of one estate has been held not disqualified for appointment as administratrix of another on the basis that the former estate had a claim against the latter. (*In the Matter of the Estate of Brown*, 204 Ill.App. 596.) We observe that it is said to be the general rule that an adverse interest does not disqualify a testamentary nominee as executor. Note, 18 A.L.R.2d 633, 634.

The heirs of Myrtle Mae Martin have cited cases involving issuance of

letters of administration and preferences under Sections 96 and 97 of the Probate Act. These cases appear to establish that a court has discretion to consider conflict of interest in making appointment among persons equally entitled to letters of administration. (*Estate of Medina*, 95 Ill.App.2d 483), or preferring a nominee of one of a class, (*Dennis v. Dennis*, 323 Ill.App. 328), or even appointing a stranger. (*In the Matter of the Estate of Abell*, 395 Ill. 337.) For criticism of the latter two cases see 3 James, Illinois Probate Law and Practice Secs. 94.2, 96.1. We do not think the heirs' cases are pertinent here, since it is the appointment of an executor under Sections 75 and 77 of the Probate Act that is here involved, and *Clark v. Patterson* and other cases deal specifically with Sections 75 and 77. Furthermore, it is said that a court will give greater consideration to one seeking executorship than to an applicant for letters of administration. 33 Corpus Juris Secundum, Executors and Administrators Sec. 28, at 910.

The heirs have also cited *In the Matter of the Estate of Storer*, 269 N.E.2d 352 (Ill.App. 1971), to establish that an administrator's having a cause of action for wrongful death against himself individually creates an impossible conflict of interest. However, the court in that case held that the administrator did not have to be removed, and that a special administrator was properly appointed to pursue the wrongful death claim. Appointment of a special administrator to prosecute the wrongful death action would be appropriate in the case now before us. This would eliminate the conflict of interest claimed now to exist, whether between estate and estate or between statutory beneficiaries and estate; would permit the Bank to perform all other duties of its office as contemplated by the testatrix without question of impartiality; and would nullify the argument that conflict of interest was cause for removal and therefore cause for refusing to order issuance of letters testamentary.

It is our opinion that letters testamentary were properly issued to the Bank, that the alleged conflict of interest would appear to warrant the appointment of a special administrator rather than disqualification of the executor, and that as stated by the Circuit Court, objections relating to the wrongful death claim are therefore premature. Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

STOUDER, P. J., and ALLOY, J., concur.