ESTATE OF OTTO E. JAKEL, DECEASED, ROBERT K. JAKEL, AND EAGLE BANK OF HIGHLAND, ILLINOIS, CO-EXECUTORS, OTTO E. JAKEL GENERAL TRUST, ROBERT K. JAKEL AND EAGLE BANK OF HIGHLAND, ILLINOIS, CO-TRUSTEES, AND PATSY ANN JAKEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Jakel v. Commissioner
Docket No. 31454-86.
United States Tax Court
T.C. Memo 1987-421; 1987 Tax Ct. Memo LEXIS 418; 54 T.C.M. (CCH) 264; T.C.M. (RIA) 87421; August 25, 1987. *418 R determined a deficiency in income tax and directed a statutory notice to a decedent and his spouse. A timely petition was filed by the decedent's estate, by the decedent's spouse, and by a related trust (T). An Illinois probate court entered an order assigning the estate's cause of action in this Court to T. Held, the case, as it relates to T, is dismissed for lack of jurisdiction as T is not a proper party to petition this Court. Michael G. Goldstein and Kenneth E. Hand, for the petitioners. Jeff P. Ehrlich and Will McLeod, for the respondent. PANUTHOS
MEMORANDUM *419 OPINION PANUTHOS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction as to Otto E. Jakel General Trust, Robert K. Jakel and Eagle Bank of Highland, Illinois, Co-Trustees, and to Change Caption. [1] The sole issue for consideration is whether the Otto E. Jakel General Trust, Robert K. Jakel and Eagle Bank of Highland, Illinois, Co-Trustees is a proper party to petition this Court. The pertinent facts are as follows. When Otto E. Jakel died in 1984, Robert K. Jakel and Eagle Bank of Highland, Illinois were appointed co-executors of his estate (hereinafter the estate). At that time, Robert K. Jakel and Eagle Bank of Highland, Illinois were also co-trustees of the Otto E. Jakel General Trust (hereinafter the trust). Patsy Ann Jakel was the surviving spouse of Otto E. Jakel. Respondent, *420 by notice of deficiency, dated April 10, 1986, determined a deficiency of $ 25,528 in the Federal income tax of Otto E. and Patsy Jakel for the calendar year 1982. The notice was addressed to "OTTO E. (DECD) & PATSY JAKEL." The primary adjustment was a disallowed partnership loss. A timely petition was filed with the Court on July 11, 1986, seeking a redetermination of the Federal income tax deficiency. [2] The executors of the estate, the trustees of the trust, and Patsy Ann Jakel all signed the petition. On September 22, 1986, subsequent to the filing of the petition, the Probate Court of the Third Judicial Circuit of Madison County, Illinois entered an order assigning the estate's cause of action against respondent to the trust. The Probate Court ordered the trustees to execute an Assignment and Hold Harmless Agreement whereby the trustees agreed to indemnify and pay any and all liabilities *421 found to be due from the estate to respondent. The Probate Court further declared that the proper successors in interest to the cause of action against respondent, were the trustees of the trust. The Probate Court then discharged the executors and closed the estate. Respondent argues in his motion that the trust is neither a fiduciary nor a personal representative and therefore cannot properly represent the decedent before this Court. Petitioners argue that the assignment created representative authority in the trust. Rule 60(a)provides in part as follows: (a) Petitioner: (1) Deficiency or Liability Actions: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency * * *, or by and with the full descriptive name of the fiduciary entitled to institute a case on behalf of such person. * * * Where the deficiency or liability is determined against more than one person in the notice by the Commissioner, only such persons who shall duly act to bring a case shall be deemed a party or parties.
In addition, *422 Rule 60(c) states in part that "The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which he derives his authority." The statutory notice named two parties: Otto E. Jakel (deceased) and Patsy Ann Jakel. Patsy Ann Jakel is a proper party because she was named in the statutory notice. Rule 60(a)(1). The decedent was also named in the statutory notice. His executors possessed letters testamentary issued by an Illinois court and had the capacity under Illinois law to represent the decedent. Ill. Ann. Stat. ch. 110 1/2, secs., 1-2.11, 6-11 (Smith-Hurd 1978). The executors, therefore, are also proper parties. Rule 60(c). The trust, however, was not named in the statutory notice. The trustees have not shown they possessed letters testamentary or any other documents granting authority to represent the decedent at the time the petition was filed. The trustees, then, are not proper parties to petition this Court. Rule 60(c); Fehrs v. Commissioner,65 T.C. 346, 348 (1974); Consolidated Companies, Inc.,15 B.T.A. 645, 652 (1929). *423 Having determined that the executor and the surviving spouse were the proper parties to file the petition, we still need to determine whether the September 22, 1986 assignment made the trust a proper party before this Court. Since the trust was not named in the statutory notice, the trust must show that it is a fiduciary for a party named in the statutory notice. Rule 60(a); Hoj v. Commissioner,26 T.C. 1074 (1956). The question, then, is whether the assignment created a fiduciary relationship between the trust and the defendant. In order to determine the existence of a fiduciary relationship, we look to Illinois law. Rule 60(c). The function of an executor is to administer the assets of the estate to the end that all debts and obligations are paid, and all beneficiaries and heirs receive their just and proper benefits from the estate. In re Greenberg's Estate,15 Ill. App. 2d 414, 146 N.E.2d 404 (1957). The executor's power, committed to him in trust and in confidence by the will, cannot be delegated to another. Wilson v. Mason,158 Ill. 304, 42 N.E. 134 (1985). *424 In the present case, the executors were aware that respondent had made a claim against the estate. It was the executors' duty to pay or contest respondent's claim. The executors chose to contest the claim in this Court and they cannot subsequently assign this duty to a third party trust. Therefore, because the assignment of September 22, 1986 did not make the trust a fiduciary representative of the decedent, the trust is not now a proper party before this Court. After having decided that the assignment was ineffective in making the trust a proper party, the question remains whether the estate, now closed, is still a proper party before this Court. [3] We consider Illinois law again in order to determine whether the estate was properly closed. Rule 60(c). When considering Illinois law, we are bound by the decisions of the Supreme Court of Illinois which have interpreted Illinois law. Commissioner v. Estate of Bosch,387 U.S. 456 (1967). The Supreme Court of Illinois has held *425 that an order discharging an administrator or executor in a final accounting, when the estate is not fully settled, is void as to the unsettled portion of the estate. Maguire v. City of Macomb,293 Ill. 441, 127 N.E. 682 (1920); Starr v. Willoughby,218 Ill. 484, 75 N.E. 1029 (1905). [4] See also In re Palmer's Estate,41 Ill. App. 2d 234, 190 N.E.2d 500 (1963); Eskildsen v. Chicago Macaroni Co.,310 Ill. App. 515, 34 N.E.2d 723 (1941). As respondent's statutory notice was issued on April 10, 1986, and the petition to this Court filed on July 11, 1986, the Federal income tax liability of the estate was not resolved when the executors were discharged on September 22, 1986. Thus, the estate was not settled and the dismissal of the executors, with respect to the estate's Federal income tax liability, was not proper. Maguire v. City of Macomb, supra;Starr v. Willoughby, supra.Since the executors were improperly dismissed, they still have the capacity to represent the decedent before this Court. *426 For the reasons stated herein, respondent's Motion to Dismiss For Lack of Jurisdiction as to Otto E. Jakel, General Trust, Robert K. Jakel and Eagle Bank of Highland, Illinois, Co-Trustees, and to Change Caption is granted. An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. At the time of filing the petition Patsy Ann Jakel resided at Highland, Illinois; and Eagle Bank of Highland, Illinois, Co-Trustee, maintained a corporate office at 1223 Broadway, Highland, Illinois. At the time of his death, the decedent was domiciled in Madison County, Illinois. ↩
3. While there is currently no motion before us to dismiss the estate, based on our finding that the assignment by the estate (now closed) was ineffective, we believe that logic requires us to look at the result the ineffective assignment has on the estate. ↩
4. See also Hulburd v. Commissioner,296 U.S. 300, 309-315↩ (1935).