SYLVIA KRANTZ AND THE HARRY AND SYLVIA KRANTZ FAMILY TRUST, SYLVIA KRANTZ, TRUSTEE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krantz v. Commissioner
Docket No. 25975-91
United States Tax Court
T.C. Memo 1992-396; 1992 Tax Ct. Memo LEXIS 418; 64 T.C.M. (CCH) 158; July 15, 1992, Filed *418 An appropriate order will be issued. Held, the trustee of a trust which held substantially all of decedent's assets and which became irrevocable at his death is not a fiduciary entitled to institute a case on behalf of decedent's estate and is not a proper party under Rule 60(a) and (c), Tax Court Rules of Practice and Procedure.
For Petitioners: William W. Holcomb and Leon Katz. For Respondent: Sheldon M. Kay. NIMS
NIMS
MEMORANDUM OPINION NIMS, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction as to the Harry and Sylvia Krantz Family Trust, Sylvia Krantz, Trustee, and to change caption. Petitioner Sylvia Krantz resided in New York, New York, when she filed the petition. The essential facts are not in dispute. Harry Krantz (decedent) died on January 10, 1989. Decedent resided in New York, New York, at the time of his death. Prior to his death, decedent transferred substantially all of his assets to the Harry and Sylvia Krantz Family Trust (the trust). At the time of his death, decedent apparently owned few if any assets other than his beneficial interest in the trust. No personal representative was appointed or confirmed *419 under New York law. The trust as amended provided that the law of the State of California will apply to the trust. On September 18, 1991, respondent issued a notice of deficiency to "Harry Krantz (Dec'd) and Sylvia Krantz" which determined a deficiency in income tax for the taxable year 1987. On November 12, 1991, petitioners filed a petition listing "Sylvia Krantz, and the Harry and Sylvia Krantz Family Trust, Sylvia Krantz, Trustee" as petitioners. Respondent filed a motion to dismiss the petition as to the trust and Sylvia Krantz as trustee because they are not proper parties pursuant to Rule 60(c). (All Rule references are to the Tax Court Rules of Practice and Procedure.) Respondent argues that no notice of deficiency was issued to the trust or to Sylvia as trustee, that a notice of deficiency is a jurisdictional prerequisite, and that the trust and Sylvia as trustee are therefore not proper parties because no notice of deficiency was issued to them. Rule 60 provides in pertinent part: (a) Petitioner: (1) Deficiency or Liability Actions: A case shall be brought by and in the name of the person against whom the Commissioner determined the deficiency * * *. * * * (c) *420 Capacity: * * * The capacity of a fiduciary or other representative to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived. Petitioners bear the burden of proving whether the trust or trustee are proper parties. Rule 142(a). In an attempt to show that the trust and trustee are proper parties, petitioners rely on the language of Rule 60(c) which, as noted above, provides that "The capacity of a fiduciary * * * to litigate in the Court shall be determined in accordance with the law of the jurisdiction from which such person's authority is derived." Petitioners allege that the trust received all of decedent's assets and that there was thus no estate to administer. The trust designates California as the applicable law, they say, and under California law the trust and thus the trustee have the power to contest all claims made against the trust. Petitioners therefore conclude that under Rule 60(c) the trustee is a proper party. The California Code provision upon which petitioners rely, California Probate Code section 18201 (1991), does not purport to authorize the trustee of a revocable trust to act *421 as the personal representative of a decedent, and therefore has no relevance here. This provision provides in general that trust property which was subject to a power of revocation by a decedent at the time of his death is subject to the claims of creditors and expenses of administration to the extent the decedent's estate is inadequate to meet the claims and expenses. The section says nothing about the trustee being the decedent's personal representative. Petitioners misinterpret Rule 60. Rule 60(a) requires that a case be brought by and in the name of the person against whom the Commissioner determined the deficiency and under Rule 60(c), as stated, if the case is not brought by the person named in the notice of deficiency, the fiduciary must show that under local law she has the authority to represent the person named in the notice. See Fehrs v. Commissioner, 65 T.C. 346 (1975); Estate of Jakel v. Commissioner, T.C. Memo. 1987-421. To determine this we must look to local law, which in this case is the law of New York, the law of decedent's place of residence at his death. Rule 60(c). Under New York law, "A personal representative *422 is a person who has received letters to administer the estate of a decedent. The term does not include an assignee for the benefit of creditors, or a committee, conservator, curator, custodian, guardian, trustee or donee of a power during minority." N.Y. Est. Powers & Trusts Laws sec. 1-2.13 (McKinney's 1992). Petitioners do not allege that the trustee has received letters to administer the estate of decedent, nor do they allege that she is in any way a personal representative of decedent. Rather, they only claim that she is a fiduciary of the trust, in which capacity we hold she is not a proper party to this action. In a conference call with the parties, it was suggested to the parties that this Court was unlikely to hold that the trust and trustee were proper parties, and it was further suggested to petitioners' counsel that he should have Mrs. Krantz appointed as personal representative of decedent's estate in New York and move to have her substituted as a party in her representative capacity as personal representative. Counsel declined to do so. Consequently, we have no further recourse but to grant respondent's motion. To reflect the foregoing, An appropriate order will *423 be issued.