Helen M. Ahrens, Appellee, v. Albert E. Ahrens and Henry A. Ahrens, Executors, etc., et al., Appellants.

## Gen. No. 8,609.

at the February term, 1931.   Heard in this court   Opinion filed October 17, 1932.

SNELL & SEYFRIT, for appellants; WALTER L. WENGER, of counsel.

VICTOR HEMPHILL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appellee in this case, Helen M. Ahrens, as heir and devisee of John M. Ahrens, deceased, filed a bill in equity in the circuit court of Macoupin county, making Albert E. Ahrens and Henry A. Ahrens, as executors of the last will and testament of the deceased, and Margery Anheiser individually and as administratrix with the will annexed of the estate of Walter L. Ahrens, deceased, and the other heirs and devisees of John M. Ahrens, defendants, for a construction of the will of John M. Ahrens, deceased; and for an accounting by the executors. Answers were filed to the bill by the defendants and thereafter, there being no dispute about the facts, the matter of the construction of the will and the right to an accounting, were submitted to the court on the bill and answer. The court found the equities in favor of the appellee, Helen M. Ahrens; and a decree in accordance with the findings of the court was entered. This appeal is prosecuted from the decree.

The material facts as found in the decree are that the appellee is granddaughter of the testator and a daughter of the testator's son, Walter L. Ahrens, deceased; that the testator died May 22, 1904, and left surviving him his widow, Eliza Ahrens; and his children, John C. Ahrens, Peter F. Ahrens, Henry A. Ahrens, Albert E. Ahrens, Mary E. Allen, Emma M. Daniels, Ada L. Ahrens, Sophie C. Fahnestock, Walter L. Ahrens and Carrie B. Ahrens (who by marriage became Carrie B. Whobrey); also Lester E. Golightly, the testator grandson, who was the only child of a

predeceased daughter. The above mentioned were the testator's only heirs-at-law. The testator's will was admitted to probate in Macoupin county; and by its terms he bequeathed all personal property except money, notes and bonds, to his widow, Eliza Ahrens. The will directs that all property not given to the wife "shall go into the hands of Executors, and that the Executors shall pay to the wife $600.00"; and then directs, "that all interest on notes and bonds and all rent from the real estate shall be given to the widow during her life." Then in Clause V, which is the clause presented for construction, the testator provides as follows:

"After the decease of my wife, Elisa, all the real estate shall be sold by the executors, either on public or private sale as they think best, and the proceeds thereof with the personal property on hand, shall be equally divided between John C. Ahrens, Peter F. Ahrens, Henry A. Ahrens, Albert E. Ahrens, Mary E. Allen, nee Ahrens, Emma M. Daniels, nee Ahrens, Ada L. Ahrens, Sophie C. Fahnestock, nee Ahrens, Walter L. Ahrens, Carrie B. Ahrens, and Lester E. Golightly or their heirs, each of the above named shall have the same amount. Provided: That the shares coming to my daughters, Mary E. Allen, nee Ahrens, and Emma M. Daniels, nee Ahrens, shall be held in trust by a trustee during their natural life, and the income of said shares shall be paid to them annually by the trustees.

"If either one of my daughters, Mary E. Allen, nee Ahrens, and Emma M. Daniels, nee Ahrens, shall die without issue, then her share shall be equally divided among my heirs above named, but if she leaves a child or children then said share shall go to them, but shall be held in trust by the same trustee, until they become of age. If either of my daughters, Mary E. Allen, nee Ahrens, and Emma M. Daniels, nee Ahrens, shall be-

come a widow, then the trustee may pay them their share immediately.

"I appoint my son, Albert E. Ahrens, to be trustee for Mary E. Allen, nee Ahrens and Emma M. Daniels, nee Ahrens, and he shall serve without bond, and provided further, that the share coming to Lester E. Golightly shall be held in trust by a trustee until he becomes twenty-four years old, and if he shall die before that time without issue, then said share shall be equally divided among my other heirs, but if he leaves a child or children, then said share shall go to the children; but shall be held in trust by the same trustee, until they become of age, and I hereby appoint my son John C. Ahrens, trustee for said Lester E. Golightly and he shall serve without bond."

It appears from the record that Walter L. Ahrens, one of the sons of the testator, was married at the time of the execution and probate of this will, and that he had one daughter, namely, the appellee, Helen M. Ahrens; and that afterwards his wife divorced him. Thereafter he remarried, and died testate in 1909, leaving his widow, Margery, who by marriage has become Margery Anheiser; and his daughter, the appellee Helen M. Ahrens, as his only heir. His will was probated in 1929, which was 20 years after his death. By his will, Walter L. Ahrens bequeathed $1 to his daughter, Helen; and all the rest of his property to his widow. The executors named of the estate of the testator in accordance with the provisions of the will sold all of the real estate of the testator and managed the estate and paid the income provided for in the will to the widow during her life and until her death in 1928. At the time of the death of the widow, all the beneficiaries named in the will were living except Walter L. Ahrens and Ada L. Ahrens, Ada L. Ahrens having previously died intestate without issue before the death of the testator's widow. It appears from the

reports filed by Albert E. Ahrens as executor of the estate, that at the time of the last report the estate remaining amounted to $15,000; and that the money was on hand at the time of the last report.

In construing the will and particularly the fifth clause thereof, the court found that the appellee, Helen M. Ahrens, under the terms of the testator's will, is entitled to a one-tenth distributive share of the fund referred to by substitution, as heir of Walter L. Ahrens deceased; and is entitled to an accounting.

It is the contention of Margery Anheiser, the widow of Walter L. Ahrens, that she is entitled to the share in the testator's estate decreed to the appellee by the terms of the will of Walter L. Ahrens; that the estate of the testator, which he devised to his children, vested in the devisees at the death of the testator, and that it was not the vesting but the distribution only of the vested interests that was delayed by the intervention of a life estate in the widow of the testator; and that the interest or share which had thus vested in Walter L. Ahrens should therefore be paid to his widow, Margery Anheiser, to whom he had devised his entire estate at the time of his decease.

We are of opinion, however, that the construction of the will by the court was correct. By the provisions of the will, the testator directed and empowered his executors to sell the real estate and divide the proceeds among his devisees; and this, in legal effect, was an equitable conversion of the real estate into personal property; and therefore title to the real estate necessarily vested in the excutors as trustees to carry into effect the trust provided for in the will. *Lash v. Lash,* 209 Ill. 595. The direction in the will is that the executors shall divide the estate after the death of the testator's wildow equally between Walter L. Ahrens and the other children named, "or their heirs"; and it is apparent from the language of this clause that the testator intended that in the case of the death of

his children, or any of them, their respective heirs should be substituted as devisees. What was said by the court in *Banta v. Boyd,* 118 Ill. 186, is particularly applicable to the will in question. The court pointed out in that case:

"It is also apparent from the will that the testator did not intend to devise to said parties directly any portion of his real or personal property, but all of his real and personal property was intended to be placed, and was placed, in the hands of his executors, to be by them converted into money, and the proceeds distributed among the legatees named in the will. It was not the property itself which was devised, but the proceeds. Under such circumstances, did Spencer Boyd take a vested interest upon the death of the testator? We think not. On the other hand, we think it is plain that the date of distribution was the time provided when the parties should take."

For the reasons stated, the decree is affirmed.

*Affirmed.*